CULPEPPER, Judge.
This is a suit for damages for personal injuries. Plaintiff, Semar Doucet, was a guest passenger in an automobile driven by Mary Doucet, and insured by defendant, The Home Indemnity Company. This vehicle collided, at a highway intersection, with a truck driven by Odell Marsh. Defendant, The Home Indemnity Company, filed a peremptory exception of prescription based on the fact that the accident occurred on July 6, 1962 and this suit was not filed in State court until October 7, 1964, a period of over one year. LSA-C.C. Article 3536. The trial judge sustained the exception and dismissed plaintiff’s suit. Plaintiff has now appealed.
The issue on appeal is whether prescription was interrupted by the filing in Federal Court of another suit arising out of this same accident.
The relevant facts show that after the accident occurred on July 6, 1962 the plaintiff, Semar Doucet, filed suit on June 29, 1963 in the United States District Court for the Western District of Louisiana, naming as defendants (1) A. W. Dunn, employer of Odell Marsh, the track driver; (2) Travelers Insurance Company, insurer of the track; and, alternatively (3) The Home Indemnity Company, insurer of the automobile driven by Mary Doucet. Service of process was not made on The Plome Indemnity Company until September 11, 1963, a period of over one year after the accident
In the Federal Court proceedings, The Home Indemnity Company filed an exception to the jurisdiction on the grounds that its policy limit was $5,000, an amount less than the $10,000 required for Federal jurisdiction. On September 23, 1964 the United States District Court sustained the plea to the jurisdiction and dismissed The Home Indemnity Company from the suit. The case was then tried before a jury which rendered a verdict on September 29, 1964 finding the truck driver, Odell Marsh, free of negligence. Accordingly, on October 13, 1964, judgment was signed in the Federal District Court proceedings dismissing plaintiff’s suit as against all three defendants, A. W. Dunn, Travelers Insurance Company and The Home Indemnity Company.
The plaintiff, Semar Doucet, filed this suit in State court on October 7, 1964 naming as a defendant only The Home Indemnity Company. This defendant filed an exception of prescription which was sustained.
After the case was appealed to this court, the United States Court of Appeals for the Fifth Circuit, in No. 22794, entitled Doucet v. Travelers Insurance Company and Dunn, 362 F.2d 263, rendered a per curiam decision on June 10, 1966, affirming the lower court judgment, including dismissal of the suit as against The Home Indemnity Company for lack of jurisdiction.
The defendant, The Home Indemnity Company, relies on LSA-R.S. 9:5801 which reads as follows:
“All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is in *444 terrupted as to the defendant served by the service of process. As amended Acts 1960, No. 31, § 1.”
Cases interpreting LSA-R.S. 9:5801 and holding that a suit filed in a court which does not have jurisdiction does not interrupt prescription, unless actual service of process is made within the prescriptive period, are Knight v. Louisiana Power & Light Company, 160 So.2d 832 (La.App. 4th Cir.1964, certiorari refused) and Sansone v. Louisiana Power & Light Company, 164 So.2d 151 (La.App. 1st Cir.1964, certiorari refused). See also LSA-C.C.P. Article 421 Comment (e).
In Sansone v. Louisiana Power & Light Company, supra, the rationale of this rule is given as follows:
“Prior to enactment of LSA-R.S. 9 :- 5801 by the passage of Act 39 of 1932, prescription was interrupted only by the service of process on defendant within the prescriptive period. LSA-C.C. Article 3518. The obvious purpose of Act 39 of 1932 (LSA-R.S. 9:5801) which provides prescription is interrupted by the mere filing of suit in a court of competent jurisdiction was to relieve plaintiff of the disastrous effects of delayed service in instances wherein suit was timely filed in a court having jurisdiction over defendant.
* * * * * *
“If plaintiff elects a forum having no jurisdiction, the fault is plaintiff’s and in such instances regardless of the reason for delay, if service is not obtained within the year, prescription will run on plaintiff’s claim.”
Astute counsel for the plaintiff argues these established rules of law have no application here because the Federal suit with which we are concerned was against multiple joint tort feasors, who are debtors in solido. Counsel cites Sharp v. Massey Ferguson, Inc., et al., 153 So.2d 508 for the proposition that a suit against one debtor in solido interrupts prescription with regard to all (LSA-C.C. Article 2097) ; and that a citation served upon one debtor in solido interrupts prescription with regard to all (LSA-C.C. Article 3552), even in the situation where some of the debtors are made parties to the suit by amended petition after the one year prescriptive period has elapsed. Plaintiff argues “the filing of a valid suit in what is unquestionably a competent court (the Federal Court) for the defendants, A. W. Dunn and Travelers Insurance Company, was an interruption of prescription as to all defendants, especially including a defendant (The Home Indemnity Company) who was named in this suit within a one-year period.”
Our answer to this argument is that The Home Indemnity Company, the defendant in the present suit in State court, is not a debtor in solido with A. W. Dunn and Travelers Insurance Company. In the present suit in State court the plaintiff has not even alleged that these parties are debtors in solido. Of course, the Federal Court has already rendered judgment absolving Dunn and Travelers of any liability. This judgment is final and binding on the plaintiff, who cannot now contend that the respective defendants are debtors in solido.
Plaintiff also argues that the filing in Federal Court of a third party demand by Dunn and Travelers against Mary Doucet and The Home Indemnity Company “proves the Federal Court was a court of competent jurisdiction.” We cannot see how this in any way vested jurisdiction in the Federal Court, or changes the outcome of the present suit.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.