197 So.2d 704 (1967)
William R. JACOBS
v.
A. A. HARMON, d/b/a Alto Trailer Sales.
No. 2475.
Court of Appeal of Louisiana, Fourth Circuit.
April 3, 1967.
Rehearing Denied May 1, 1967.
*705 Leon C. Vial, III, Hahnville, for plaintiff-appellant.
Roberts & DeSonier, A. Russell Roberts, Metairie, for defendant-appellee.
Christovich & Kearney, J. Walter Ward, Jr., New Orleans, for defendant-appellee.
Before REGAN, SAMUEL and BARNETTE, JJ.
SAMUEL, Judge.
Plaintiff filed this suit on March 3, 1965 against A. A. Harmon, d/b/a Alto Trailer Sales. We understand he employed counsel just before that date and no time was available for discovery. The petition alleges that on March 3, 1964 plaintiff purchased a house trailer from the defendant, the trailer was delivered by the defendant the same day, and during the course of delivery it was damaged in the amount of $1,200 as a result of negligence on the part of a defendant employee. The petition prays for judgment in the amount of $1,200 and, alternatively, for rescission of the sale or a reduction of the purchase price. Citation and a copy of the petition were served on the defendant, A. A. Harmon d/b/a Alto Trailer Sales, on March 9, 1965.
A. A. Harmon filed various exceptions to the petition, including one of no right or *706 cause of action based on the allegation that he was not the vendor of the trailer in question and that the person who, according to the petition, caused the trailer damage was not his employee. After these exceptions were filed plaintiff propounded interrogatories to Harmon. Answers to those interrogatories, which answers were filed on April 6, 1965, revealed that: Although Harmon had formerly done business under the trade name of Alto Trailer Sales, he had not done so since 1958 when that business was incorporated under the name of Alto Trailer Sales, Inc.; neither he nor any of his agents or employees had sold the trailer to the plaintiff; the person who made delivery of the trailer (whose alleged negligence caused the damage thereto) was an employee of Alto Trailer Sales, Inc.; and the liability insurer of that person was Fidelity Casualty & Surety Company (actually The Fidelity and Casualty Company of New York). In this court counsel for all defendants concede A. A. Harmon has been the active president of Alto Trailer Sales, Inc. continuously since its incorporation in 1958.
On April 7, 1965 plaintiff filed a supplemental petition joining Alto Trailer Sales, Inc. and Fidelity as parties defendant. Both filed exceptions of prescription and no right or cause of action. The prescription relied on is that of one year as to the primary demand, the alleged tort, under LSA-C.C. Art. 3536 and one year as to redhibition and quanti minoris under LSA-C.C. Arts. 2534, 2544 and 2546. The exceptions of no right or cause of action are directed against the alternative demands seeking rescission and a reduction of the price and are based on the averment that, as shown by the original petition, the alleged defect or damage complained of did not occur until after the sale of the trailer and did not exist at the time of that sale. Fidelity's exception of no right or cause of action also is based on additional averments involving plaintiff's right to bring a direct action against that exceptor.
The judgment of the trial court maintained the exception of no right or cause of action filed by the original defendant, A. A. Harmon, and the exceptions of prescription and no right or cause of action filed by the other two defendants, Alto Trailer Sales, Inc. and Fidelity, and dismissed plaintiff's suit as to all three defendants. Plaintiff has appealed therefrom. However, he concedes the correctness of that portion of the judgment which maintains the exception of no right or cause of action filed by the original defendant, A. A. Harmon, and dismisses the suit as to that defendant. In this court he has argued and briefed only the question of prescription which we find is the sole issue we need consider as it is determinative of the appeal.
The question presented is whether the filing of the suit against Harmon individually on March 3, 1965, the last day of the one year prescriptive period and within that period, interrupted the running of prescription against Alto Trailer Sales, Inc. and Fidelity, which were first made defendants on April 7, 1965, more than one year after the cause of action arose. Imprimis, we note: (1) no solidary liability existed between Harmon the original defendant, and either of the other two defendants brought in by supplemental petition (there was no liability at all on the part of Harmon individually); (2) no fraud has been alleged or proved; and (3) the record is devoid of any evidence indicating the defendants, or any one of them, misled or obstructed plaintiff in obtaining the true facts.
Limiting his argument to the tort action, plaintiff contends: (1) since there is only one cause of action, the filing of the suit on March 3, 1965 interrupted prescription as to all three defendants under LSA-R.S. 9:5801; and (2) notice to Harmon, the president of Alto Trailer Sales, Inc., of the institution of suit against him within the prescriptive period interrupted prescription as to that corporation and its liability insurer, Fidelity, citing Davis v. Lewis & Lewis, 226 La. 1059, 78 So.2d 173, Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So. *707 2d. 209, Jackson v. American Employers' Ins. Co., 202 La. 23, 11 So.2d 225, Gueble v. Town of Lafayette, 118 La. 494, 43 So. 63, Andrepont v. Ochsner, La.App., 84 So.2d 63, and Norwich Union Ind. Co. v. Judlin and Whitmore, 7 La.App. 379. We do not agree with either contention.
LSA-R.S. 9:5801, the basis of the first, reads:
"The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts." LSA-R.S. 9:5801 (Emphasis ours).
Our jurisprudence has established that the "all defendants" emphasized in the above quotation has reference only to defendants named in the suit the filing of which interrupts prescription; or, stated differently, the filing of a petition does not, in itself, interrupt prescription as to a party affected by the cause of action sued upon unless the petition makes such party a defendant. Martin v. Mud Supply Company, 239 La. 616, 119 So.2d 484; Bowerman v. Pacific Mut. Ins. Co., 212 La. 1000, 34 So. 2d 53. In the instant case neither Alto Trailer Sales, Inc. nor Fidelity was named as a defendant in the suit filed by plaintiff on March 3, 1965 and therefore such filing alone did not interrupt prescription as to them under LSA-R.S. 9:5801.
Plaintiff's second contention is based upon a jurisprudential rule illustrated by the cases he cites. The rule is that, even though there exists no solidary liability, prescription may be interrupted as to one not originally impleaded as a defendant when he is affected by the cause of action involved, is closely associated with the named and cited defendant, and is fully informed, or ordinarily would be fully informed, of the claim and the suit thereon by reason of such close association. As stated by this court in Andrepont v. Ochsner, supra, the rule is based "* * * on the theory that the knowledge of the demand, its origin, and basis, are imparted to the defendant even though the original suit was brought against the wrong defendant or against the defendant in an improper capacity, and even when brought by an improper plaintiff. So long as the proper person has been apprised of the demand in any legal capacity, prescription is interrupted." (Emphasis ours).
We are concerned here with liberative prescription in which, under LSA-C.C. Art. 3550, good faith is not required on the part of the person pleading the same. Generally, knowledge alone of the filing of a suit against a closely associated person or company does not constitute an interruption of prescription as to one not impleaded as a defendant within a prescriptive period. While some of the cases cited by plaintiff refer to the filing of the suit against the named but incorrect defendant rather than service of process on that defendant as being the time when prescription is interrupted against the correct defendant, a careful reading of those cases convinces us that the reference to the filing of the suit is inadvertent and the time citation and petition are served is the deciding factor. For the foundation of the rule, which rule appears to be an equitable extension of the general law just set forth, is that information of the claim and the suit thereon is imparted to the proper defendant, who has not been impleaded, by the closely associated person, who has been impleaded, as a result of the fact that the latter has received such information in a legal manner.
Certainly, the filing of the suit, by itself, in actual fact conveys no such information to the named defendant; simply as a result of the filing he can have no such knowledge to impart to the proper defendant who has not been impleaded. The only legal manner by which the named defendant can receive notice and knowledge of the claim, and of the origin and basis of the suit thereon, is by service of citation and petition. *708 Only after such service does he possess the knowledge which he can impart to the proper defendant.
We find the cases cited by the defendant to be inapposite. Gueble v. Town of Lafayette, which was handed down, prior to the enactment of the present LSA-R.S. 9:5801, when the law was to the effect that prescription was interrupted by citation and not by filing of suit, held only that a citation addressed to the Mayor of Lafayette instead of the named defendant, the Town of Lafayette, through its Mayor, was sufficient to cause an interruption of prescription against the town even though the citation could not be the basis of a valid judgment. In Jackson v. American Employers' Ins. Co., the court found that the failure to sue the proper party was attributable solely to that party, i. e., a case of the defendant misleading the plaintiff as to the true facts. In the remaining cases cited, Davis v. Lewis & Lewis, Lunkin v. Triangle Farms, Inc. (see Martin v. Mud Supply Company, dissent on original hearing and majority opinion on rehearing, supra), Andrepont v. Ochsner and Norwich Union Ind. Co. v. Judlin and Whitmore, service of citation and petition was made on the original defendant prior to the running of prescription.
More in point is the later case of Martin v. Mud Supply Company, supra, a suit filed on May 23, 1949 to recover damages growing out of the death of plaintiff's son in an automobile accident on May 23, 1948. The sole defendant impleaded was Mud Supply Company, Inc., allegedly the employer of the driver (of the car in which the decedent was a passenger) whose negligence had caused the accident. Subsequently, after the one year prescription had run, plaintiff joined Houston Fire & Casualty Insurance Company as a party defendant, alleging the driver in question was covered by the omnibus clause contained in a policy of insurance issued by Houston to Mud Supply. Houston filed a plea of prescription to this demand. The court found the driver was not an employee of Mud Supply, was only driving the car with the consent of that company and, consequently, no solidary liability existed between Mud Supply and Houston. On rehearing Houston's plea of prescription was maintained despite the fact that Mud Supply, as Houston's insured, obviously informed Houston about the suit and Houston (through its attorneys), as it was obligated to do under its policy, initially took part in the defense of Mud Supply and therefore had actual knowledge of the suit. In its final opinion the Court distinguished several of the cases relied on by the plaintiff in the instant case and, at p. 642 of the La. Reports and p. 493 of the So. Reporter, was careful to point out that in Lunkin v. Triangle Farms, Inc., supra, it had held "* * * that citation, though insufficient to support a judgment, interrupts prescription if it notifies defendant of the grounds of plaintiff's claim and that plaintiff is asserting such claim." (Emphasis ours).
As we understand Davis v. Lewis & Lewis and Lunkin v. Triangle Farms, Inc., both supra, the important difference between those cases and the instant one is that in the former there was legal notification, prior to the running of prescription, by citation of the agents of the proper defendants who were not originally impleaded as such; the court appears to have concluded in both instances that the judicial notice received by the agent through citation effected an interruption of prescription. In the instant case citation was not served on the original defendant, Harmon, until after the one year prescription had run.
The judgment appealed from is affirmed.
Affirmed.