Regina LANG, Natural Tutrix and Next Friend of Frankie Lang

v.

MEDART PRODUCTS, INC., and the A B C Insurance Company.

Civ. A. No. 16342.

United States District Court
E. D. Louisiana,
New Orleans Division.

June 29, 1967.

Lawrence J. Smith, New Orleans, La., for plaintiff.

Cicero Sessions, Robert Winn, Curtis Boisfontaine, New Orleans, La., for third-party plaintiff, Home Indemnity, and defendant, Medart Products, Inc.

Francis G. Weller, New Orleans, La., for third-party defendant, Continental Cas. Co.

C. Ellis Henican, C. Ellis Henican, Jr., New Orleans, La., for third-party defendant, Harold E. Heidingsfelder, etc.

CHRISTENBERRY, Chief Judge.

In 1963 Harold E. Heidingsfelder, d/b/a School Products Company, as a result of sealed bids submitted at the invitation of the Jefferson Parish School Board, was awarded a contract for the furnishing of various school equipment including school lockers. School Products Company then ordered these lockers from the W. C. Hixson Company, a Texas corporation who in turn ordered the lockers from Medart Products, Inc. in July of 1963. W. C. Hixson Company was a sales representative of Medart Products, Inc. Medart Products, Inc. then sent the order to its corporate affiliate, Medart Lockers, Inc., a Mississippi corporation, who manufactured the lockers. The lockers were transported by Medart Lockers, Inc. from its Mississippi factory to the various schools within the Jefferson Parish School System. The lockers in question were then allegedly installed by School Products Company.

On March 3, 1965, Frankie Lang, a student at one of the Jefferson Parish Schools was injured as a result of an accident wherein one or more of the above mentioned lockers fell on him.

On February 28, 1966 a suit styled Regina Lang, Natural Tutrix and Next Friend of Frankie Lang, vs. Medart Products, Inc. and the ABC Insurance Company was filed in this Court. The ABC Insurance Company was named as the insurer of Medart Products, Inc., the real name of the insurer to be designated later in the proceedings when that name became known to the plaintiff. Defendant Medart Products, Inc., a Missouri corporation was served through the Secretary of the State of Louisiana.

Medart Products, Inc. then filed a motion to quash service, set aside the return of service and dismiss upon grounds of improper service of process, lack of jurisdiction and lack of venue. In support of this motion Medart Products, Inc. contended that it was a Missouri corporation, not qualified to do business in the State of Louisiana and that the accident complained of did not result from any business activity of Medart Products, Inc. in the State of Louisiana.

Prior to a hearing on that motion a similar motion to quash and set aside interrogatories and service thereof for lack of jurisdiction and venue was filed. The interrogatories sought to be quashed were filed to explore the jurisdictional-doing business requirements. An affidavit in support of this motion outlined the various transactions mentioned above which culminated in the installation of the lockers in question in the Jefferson Parish School System. The affiant, Peter Schott, Jr., in addition to outlining the commercial transactions involved in the sale of these lockers, stated that he was vice-president of the Jackes Evans Manufacturing Company, a Missouri corporation, assistant secretary of Medart Products, Inc., also a Missouri corporation and in addition an assistant secretary of Medart Lockers, Inc., a Mississippi corporation and that the two Medart organizations, that is, Medart Products, Inc. and Medart Lockers, Inc. were both subsidiaries of Jackes Evans Manufacturing Company but that none of the three companies were qualified to do or doing business in Louisiana.

On June 28, 1966, prior to a hearing on either of the above mentioned motions filed by defendant Medart Products, Inc., a supplemental and amending petition was filed by the plaintiff adding Jackes Evans Manufacturing Company and Medart Lockers, Inc. as parties defendant.

Medart Lockers, Inc. and Jackes Evans Manufacturing Company both filed motions similar to those filed by Medart Products, Inc. (which were still pending), seeking to quash service, set aside the return of service, dismiss for improper service, lack of jurisdiction and lack of venue and in addition to dismiss upon the grounds of prescription of one year.

On October 7, 1966, the above motions still not having been heard by the Court, a second supplemental and amending complaint was filed substituting the Home Indemnity Company as a party defendant in place of the ABC Insurance Company, originally named as the insurer of Medart Products, Inc., and in addition alleging that the Home Indemnity Company was also the liability insurer of Jackes Evans Manufacturing Company and Medart Lockers, Inc.

On November 14, 1966, with the jurisdictional motions still pending the plaintiff and all the defendants, Medart Products, Inc., Medart Lockers, Inc., Jackes Evans Manufacturing Company, and the Home Indemnity Company filed a joint motion for partial dismissal and dismissed as of non suit and without prejudice all defendants except the Home Indemnity Company. All pending motions were then withdrawn without prejudice. All interrogatories were likewise withdrawn. An order was entered by the Court pursuant to this joint motion.

On November 16, 1966, the only remaining defendant, the Home Indemnity Company filed a third party complaint against the Jefferson Parish School Board and its alleged liability insurer, Fireman's Fund Insurance Company, Harold E. Heidingsfelder, doing business as School Products Company, and its alleged insurer, Continental Casualty Company, demanding that should a judgment be rendered against Home in the principal suit, Home be entitled to judgment over or in the alternative contribution from each of the third party defendants. Fireman's Fund Insurance Company was subsequently voluntarily dismissed by the third party plaintiff.

Now before the Court are motions by Harold E. Heidingsfelder, doing business as School Products Company and its alleged insurer Continental Casualty Company to dismiss the third party complaint of Home Indemnity Company because it fails to state a claim upon which relief can be granted in that the third party complaint is barred by the prescription of one year. Alternatively, mover prays for summary judgment on the same grounds.

The movers rely on three different arguments in support of their position. These are discussed separately below.

### I.

*Plaintiff's voluntary dismissal of her demand against Medart Products, Inc. resulted in the nullification of any interruption of prescription which may have been effected by the original petition.*

In this regard the movers rely on Louisiana Civil Code Article 3519 (as amended by Louisiana Act 30 of 1960) which reads as follows:

"If the plaintiff in this case, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the interruption is considered as never having happened."

Mover relies heavily on Andry v. Maryland Casualty Company, 244 F. Supp. 143 (E.D.La.1965) but the facts in that case are distinguishable from the case at bar. In that case the voluntary dismissal was to all parties sued prior to the prescriptive period while in the case at bar the dismissal did not affect Home Indemnity Company which was a party defendant in the timely filed original petition, though at that time fictitiously designated as the ABC Insurance Company, the insurer of Medart Products, Inc. Thus the retention of Home Indemnity Company as a party defendant in the suit effected an interruption of prescription as to those who are, or might be shown to be joint tort feasors and thus solidarily liable with Home Indemnity Company to the plaintiff.

## II.

*The original petition against Medart Products, Inc. was not filed in a court of competent jurisdiction and therefore did not interrupt prescription.*

In this contention, the movers largely adopt the memorandum, affidavits, etc. filed by the various dismissed defendants in their motions to quash service of process and to dismiss for lack of proper jurisdiction. As pointed out above however, these motions were subsequently withdrawn on joint motion of the parties and thus there has never been a controverted judicial determination of this jurisdictional question.

 In addition Home Indemnity Company, the insurer of Medart Products, Inc. is undisputedly subject to the jurisdiction of this Court and thus the requisite retention of a party defendant upon whom suit was timely filed is met and the plea of prescription on which movers rely must fail if it be shown that movers may in fact be solidarily liable with Home Indemnity Company to the plaintiff.

## III.

*Movers are not joint tort feasors with Medart Products, Inc., therefore the original petition did not interrupt prescription with respect to the mover.*

Movers here cite Louisiana Civil Code Article 3552 which reads in pertinent part:

> "A citation served upon one debtor *in solido*, or his acknowledgment of the debt, interrupts the prescription with regard to all the others and even their heirs. * * *"

Movers' argument in this regard fails in that they rely on a presupposition that they are not liable as debtors in solido with Home Indemnity Company. Much of what must be determined in the trial of this matter will necessarily involve the legal relationships of the various parties, and the duties owed to each other and to the plaintiff.

Martin v. Mud Supply Co., 239 La. 616, 119 So.2d 484 (1960); Doucet v. Home Indemnity Co., La.App., 188 So.2d 442 (3rd Cir. 1966) and Jacobs v. Harmon, La.App., 197 So.2d 704 (4th Cir. 1967) cited by movers in support of their motion are distinguishable from the case at bar. In those cases the lack of solidarity was clear in that the nature of the relationship of the parties involved was such that the extent of duties owed to each other were easily determinable.

 It is not possible at this stage of the proceedings to determine what the result of inquiries concerning the relationship and duties of the various parties will be.

There are clearly genuine issues of material facts and therefore the motions must be, and they are, denied.