262 So.2d 532 (1972)
COMMERCIAL UNION INSURANCE COMPANY
v.
Calvin BRINGOL et al.
No. 4946.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1972.
*533 John J. Weigel, of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for Commercial Union Ins. Co., original plaintiff.
Kenneth W. Manuel, of Ungar, Dulitz, Jacobs & Manuel, New Orleans, for Herbert Bryant, intervenor-appellant.
Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, Allen R. Fontenot, New Orleans, for B & B Construction Co. and Ins. Co. of North America, defendants-appellees.
Sam A. Le Blanc, III, Adams & Reese, New Orleans, for Calvin Bringol and Aetna Casualty and Surety Co., defendants-appellees.
William A. Porteous, III, Porteous, Toledano, Hainkel & Johnson, New Orleans, for Diaz Cartage Co. and St. Louis Fire and Marine Ins. Co., defendants-appellees.
Before CHASEZ, STOULIG and BOUTALL, JJ.
CHASEZ, Judge.
Plaintiff, Commercial Union Insurance Company, Workmen's Compensation insurer of E & F Construction Co., hereinafter referred to as Commercial, instituted this action to recover $368.14, said sum being money expended for medical treatment and care given to an injured employee of its insured. Suit was filed against Calvin Bringol, owner of a crane, the operation of which allegedly negligently resulted in injuries to plaintiffs' insured. Also named as defendants were Orleans Material and Equipment Company, Inc., hereinafter referred to as Orleans, supplier of the materials being unloaded by the crane at the time of accident; J. A. Jones Construction *534 Company, hereinafter referred to as Jones Construction, general contractor at the construction site where the accident happened; Aetna Casualty and Surety Company, hereinafter referred to as Aetna, insurer of Bringol, Orleans, and Jones Construction; B & B Excavating Company, hereinafter referred to as B & B Excavating, oral lessee of the crane from Bringol, and its insurer Insurance Company of North America, (INA); "John Poe", crane operator and employee of Calvin Bringol; and "John Doe Trucking Co.", owner of the truck delivering the steel to the construction site, and its insurer "XYZ Insurance Co."
By supplemental and amending petitions "Diaz Carthage (sic) Company" and St. Louis Fire and Marine Insurance Company were substituted for "John Doe Trucking Co." and "XYZ Insurance" respectively.
Herbert Bryant, the injured employee, filed a petition of intervention as plaintiff seeking damages for injuries allegedly caused by the aforenamed defendants as third party tort feasors.
Additionally, defendants Bringol, Aetna, and INA filed third party demands against Diaz Cartage Company, hereinafter referred to as Diaz, and St. Louis Fire and Marine Insurance Co., hereinafter referred to as St. Louis Fire.
Jones Construction filed an exception of no right or cause of action based on LSA-R.S. 23:1061 which establishes liability of principal contractors.
Prior to the trial of this matter plaintiff and plaintiff-intervenor filed a joint motion to dismiss J. A. Jones Construction and its insurer, Aetna Casualty and Surety Company, and a joint motion to dismiss Orleans Material and Equipment Company, and its insurer, Aetna Casualty and Surety Company. Accordingly, the suit against the above named parties was dismissed with prejudice on December 19, 1968.
The record discloses that plaintiff and plaintiff-intervenor also named as defendants the Fertel Trucking Co., as the owner of the truck and the employer of the crane operator and its insurer, Travelers Insurance Company. Citations were served on the Fertel Trucking Company and Travelers Insurance Company on October 5, 1966.
The record further discloses that these defendants did not file an answer and no defaults were entered against them; it is apparent the action of the plaintiff and plaintiff-intervenor against these defendants was abandoned as they were not further discussed in the record and no judgment was rendered for or against them. Consequently, this phase of the case will be considered abandoned and the action dismissed.
The lower court, after trial on the merits rendered judgment dismissing all claims. From this adverse judgment plaintiff and plaintiff-intervenor have appealed.
Jones Construction was the general contractor for building a complex, known as the New Orleans Police Central Lockup, located on South Broad Street in the City of New Orleans. The E & F Construction Company was a subcontractor of Jones Construction who was to emplace certain steel reinforcing rods used in the construction of the complex. Herbert Bryant was employed by E & F Construction as an iron worker.
On February 8, 1965 Diaz Cartage Company transported a truckload of steel reinforcing rods from Orleans Material to the construction site. A crane owned by Calvin Bringol and operated by Leslie Phillips, an employee of Calvin Bringol, was used to unload the steel from the truck. By prior agreement Bringol leased the operation of the crane to B & B Excavating. However, on this particular day the operation of unloading the vehicles was supervised by an employee of Jones Construction. In fact, the records indicate that Jones Construction had direct control over the crane and its operator throughout most of the month of February, 1965.
*535 The crane commenced unloading the Diaz truck by first taking the reinforcing rods from the rear section of that vehicle. After all the steel rods were unloaded from the rear, the truck was moved forward in order to unload the front end section. Phillips then proceeded to move the crane forward to continue the unloading process. During its movement forward the crane boom, which extended approximately 35 feet in height, came into direct contact with overhead power lines, causing an electrical charge of some 30,000 volts to be transmitted down the boom to the crawler tracks of the crane and from there electrifying the pile of reinforcing rods near which Herbert Bryant was engaged in helping to unload the steel from the truck. As a result, Herbert Bryant sustained electrical burns and alleged subsequent complications.
Defendant-appellees, Diaz and St. Louis Fire, have filed in this court an exception of prescription. A peremptory exception may be considered for the first time by an appellate court if proof of the ground of the exception appears of record. LSA-C.C.P. 2163. Because of the peculiarities of this case, liability hinges on this issue.
Relative to the exception of prescription we note the following sequence of events and times as important and controlling. On February 8, 1965, the accident giving rise to this action occurred. Suit was filed on February 8, 1966 which would, with respect to certain parties, principally those named as defendants, interrupt the running of prescription. On February 21, 1966, by supplemental and amended petition, "Diez (sic) Drayage Company" was substituted for the John Doe Trucking Company named in the original petition as a party-defendant. October 3, 1966 Herbert Bryant intervened as party plaintiff. Not until October 24, 1967 was Diaz Cartage Company substituted as defendant in place and instead of John Doe Trucking.[1]
This suit and recovery by both parties is essentially based in tort under LSA-C.C. Article 2315 and the Workmen's Compensation Act, LSA-R.S. 23:1101 et seq., with the right of such actions being limited to a prescriptive period of one year.
Two alternate but correlated issues are presented by plaintiff and plaintiff-intervenor regarding prescription. For coherent understanding we deal with both issues separately.
The first contention is based on Commercial's original petition in which John Doe Trucking Company and "XYZ Insurance Company" are named as defendants. The true parties were later substituted by amended petition with the argument being, although fictitious parties were named in the beginning, the true identity was later determined and through application of a John Doe pleading and reversion of the amended pleading to the original date of filing, prescription was suspended. We do not agree.
Plaintiff and plaintiff-intervenor also alleged in their petitions that "John Poe" was the crane operator and an employee of Calvin Bringol. However, John Poe was never served nor has there been any substitution made by amended petition or otherwise disclosing his true identity. We are convinced that John Poe is a fictitious name used by petitioners to represent the unknown name of the crane operator which was later determined to be Leslie Phillips. For the sake of brevity and because no substitution was ever made instituting the real defendant we do not discuss the "John Poe" pleading with particularity. However, utilization of this fictitious appellation is in juxtaposition with the employment of "John Doe Trucking Co." and "XYZ Insurance Co." with the resultant effect corrolative thereto as hereinafter discussed.
*536 LSA-C.C.P. Article 891 sets forth requirements a petition must conform to in order to give rise to an action. In our opinion the article contemplates real persons or legal entities. It does not allow for fictitious party pleading to enable interruption of prescription. Plaintiffs have cited no cases which allow a fictitious defendant to be cited to halt prescription and we know of none.
In Bowerman v. Pacific Mut. Ins. Co., 212 La. 1000, 34 So.2d 53 (1948) the plaintiff of that case filed a petition against "Pacific Mutual Insurance Company" and later substituted the true insurer "Pacific Employers Insurance Company". The Supreme Court determined that a non-existent defendant was named in the original petition and the right defendant did not have actual notice of the suit or was named as defendant in the action within the prescriptive period. The Supreme Court therefore held the plea of prescription valid since the prescriptive period had expired without the filing of a suit against the true insurer.
We also are convinced that there has been no interruption of prescription in the present suit by naming "John Poe", "John Doe Trucking Co.", and "XYZ Insurance" as defendants. To allow otherwise would be tantamount to abandoning our juridical function and quasi-legislatively enacting a longer prescriptive period than contemplated by the aforementioned statutes.
The second issue relates to the application of LSA-R.S. 9:5801 which states:
"§ 5801. Interruption of prescription by
 filing of suit, service of process.
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process. As amended Acts 1960, No. 31, § 1."
It is well settled that "all defendants" as designated in LSA-R.S. 9:5801 refers only to defendants named in the suit, by which is meant filing of a petition will not in itself interrupt prescription as to a party affected thereby unless the petition makes such a party a defendant. Jacobs v. Harmon, 197 So.2d 704 (La.App., 4th Cir., 1967).
However, as prescription may be interrupted if there is (1) solidary liability with a named defendant and a party affected, or (2) if a person, although not originally impleaded, is affected by the cause of action involved, is closely associated with a named and cited defendant and is or should be fully informed of the claim and suit thereon, [Andrepont v. Ochsner, 84 So.2d 63 (La.App., Orleans, 1955); Jacobs v. Harmon, supra,] we must first determine if there is a logical connexity with the defendants cited in the original petition and appellees.
Ancillary and correlated to this prescriptive issue is the additional question as to whether or not Diaz and its insurer, St. Louis Fire, through application of a "loading and unloading" clause contained in its policy, may be considered as proper defendants. The policy in question covers vehicles and their use by Diaz in its trucking operations. Contained within that policy is a clause stating: "use of the automobile for the purposes stated includes the loading and unloading thereof." Quite obviously, if we determined that the accident did not occur during the unloading operation, then neither Diaz or its insurer would be liable. See Fertitta v. Palmer, 252 La. 336, 211 So.2d 282 (1968); Spurlock v. Boyce-Harvey Machinery, 90 So.2d 417 (La.App., 1st Cir., 1956); Barrois v. Service Drayage Company, infra.
However, because of the prescriptive issues involved in this case we do not find it *537 necessary to determine whether or not the policy's provisions were activated giving coverage to the injuries and damages complained of.
Even if we assume for purposes of argument only that coverage of the policy extended to the operation of the crane, as being within the purview of the unloading procedure, nevertheless, the action has still prescribed as hereinafter set forth.
From the record, there appears no close association with any original defendant by which Diaz or St. Louis Fire could reasonably be said to have obtained adequate notice. Bringol, Orleans Material, and Jones Construction were all covered by Aetna. B & B Construction is covered by INA. Only Diaz was covered by St. Louis Fire and he was not cited until after prescription had run.
We also do not find any solidary obligation existing between the appellees and those cited as original defendants.
Calvin Bringol had leased the crane to B & B Construction. It is evident from the record however, that J. A. Jones Construction controlled the crane and its operator. Jones Construction told the crane operator when to come to work and what work he was to perform. Additionally, an employee of Jones Construction was supervising the unloading procedure at the time of the accident.
To determine the applicability of the borrowed servant doctrine, the proper test is the right of control, in that the right to control between the original employer and the employee must cease, or be suspended, and that the new employer must assume the control, or the right to control. Benoit v. Hunt Tool Co., 219 La. 380, 53 So. 2d 137 (1951). See also Truitt v. B & G Crane Service, Inc., 165 So.2d 874 (La.App., 4th Cir., 1964).
We are convinced that the crane and its operator, Leslie Phillips, were under the control of Jones Construction and a fortiori the employee pro hac vice of Jones Construction.
It is well settled that where a general employer loans his servant out to a new employer the general employer is not responsible for the acts of the borrowed employee. Truitt v. B & G Crane Service Inc., supra; Lambert v. Austin Bridge Co., 189 So.2d 752 (La.App., 1st Cir., 1966). We therefore conclude that Calvin Bringol, as the general employer, and his insurer, Aetna, are not liable. Collaterally, by the same analogy, B & B Excavating and its insurer, INA, are not liable. Thus the only amenable party cited as an original defendant would be Jones Construction. However, Jones Construction's responsibility is only through operation of the doctrine of respondeat superior which precipitates vicarious liability. Inasmuch as we find only vicarious liability, St. Louis Fire and Jones Construction are not solidarily obligated. Barrois v. Service Drayage Company, 250 So.2d 135 (La.App., 4th Cir., 1971), writ denied 259 La. 805, 253 So.2d 66 (1971); Garvey v. Great Atlantic & Pacific Tea Co., 125 So.2d 634 (La.App., 4th Cir., 1961).
The only persons with whom St. Louis Fire could possibly be solidarily obligated is Leslie Phillips, the crane operator, and Diaz, its insured. Leslie Phillips, however, was never named as a defendant in this action and the suit instituted against Diaz was not timely filed. We therefore find the action against defendant-appellees, Diaz Cartage Company and St. Louis Fire and Marine Insurance Co., has prescribed.
For the above and foregoing reasons the judgment of the lower court is affirmed with costs to be divided between plaintiff and plaintiff-intervenor.
Affirmed.
NOTES
[1] Diaz Cartage Company and Diaz Drayage Company are actually the same company, as admitted by their answer, so actual notice of suit dates from February 21, 1966; however, prescription is still applicable.