STOULIG, Judge
(dissenting).
In my opinion a judgment on the pleadings cannot lie in the instant matter under the provisions of LSA-C.C.P. art. 96S and the existing jurisprudence.
It is now well settled that a judgment on the pleadings can only be granted on questions of law. All of the factual allegations in the pleadings, unless “denied by the adverse party or by effect of law," must be considered as true. (Art. 965) A trial court is not at liberty to consider any supporting evidence but must confine its consideration exclusively to the pleadings. If a review of the pleadings discloses that there is a factual dispute, then it necessarily follows that the matter will not admit of a judgment on the face of the pleadings. Dragon v. American Bank & Trust Company, 205 So.2d 473 (La.App.3d Cir. 1967); Jacobs v. Harmon, 197 So.2d 704 (La.App. 4th Cir. 1967).
An examination of the pleadings in this case reflects that the plaintiff’s petition sets forth that it acquired certain realty in the City of New Orleans on April 30, 1965 from LaKratt Corporation; that several years later, on June 26, 1969, the City of New Orleans adopted and recorded Assessment Ordinance No. 4101 creating a lien and privilege against the abutting property for the cost of the proposed improvements to Mayo Road; and that at the time of the recordation of the assessment ordinance, plaintiff’s property did not abut Mayo Road but was separated from it by a strip of land measuring 38.67 feet in width, owned by LaKratt Corporation, which later was sold to the City of New Orleans on November 13, 1969. There are other factual allegations contained in the petition which are not relevant to a consideration of the judgment on the pleadings.
The responsive pleadings filed by the defendants do not deny that at the time of the recordation of the assessment ordinance, the property of the plaintiff was not abutting Mayo Road, nor is it specifically pleaded that the 38.67 feet subsequently acquired by the City of New Orleans formed part of the proposed improvements of Mayo Road contemplated by the assessment ordinance.
Defendants were content to rely on a plea of estoppel predicated upon the fact that in plaintiff’s acquisition of the property certain of its measurements are recited as fronting on “proposed Mayo Road,” and therefore the Archdiocese is now estopped from denying this fact. It is rather difficult to construe this provision in the act of sale as an acknowledgment or admission that the property did in fact abut Mayo Road, particularly if considered in the light of the use of the qualifying word “proposed,” which indicated a lack of finality coupled with adoption of the assessment ordinance four years later.
Since there are obviously factual and legal issues involving the application of the paving statutes (LSA-R.S. 33:3301 et seq.), I am of the opinion that the plaintiff is entitled to the opportunity to establish that its property was illegally assessed for the off-site improvements on Mayo Road and that the summary process of a judgment on the pleadings should not deprive it of this right.