51 So.2d 136 (1951)
FLOWERS et ux.
v.
PUGH et al.
No. 3369.
Court of Appeal of Louisiana, First Circuit.
March 15, 1951.
Stanley A. Barcn, Leonard M. King, Jr., New Orleans, for appellants.
A. J. Jones, Bogalusa, for appellees.
DORE;, Judge.
This is an action founded on Civil Code, Article 2315, in which the father and mother seek damages for the death of their five year old child arising out of an alleged accident sustained by it on June 21, 1947, in the City of Bogalusa, Washington Parish. In the petition, it is alleged that on that day, at about 12:45 noon, the child was struck, run over, and fatally injured by a motor vehicle operated by Mrs. Lela Smith, an employee of James J. Pugh, one of the defendants and a resident of Washington Parish, while in the course of her employment, and whose motor vehicle was insured by General Fire & Life Assurance Corporation, Ltd., a foreign corporation authorized under the laws of the State of Louisiana to do business and actually doing business in the City of New Orleans and being the other defendant.
On June 21, 1948, plaintiffs herein filed suit in the Civil District Court, Orleans Parish, against James J. Pugh and his *137 insurance carrier, General Accident Fire & Life Assurance Corporation, Ltd., based on the same cause of action in this suit, in fact upon identical allegations and for the same amount as alleged in the present suit. On June 22, 1948, the petition and citation in the said suit were served on the General Fire & Accident Assurance Corporation, Ltd., through the Secretary of State. Defendant Pugh was subsequently served on June 25, 1948, in the Parish of Washington. The defendants filed an exception to the jurisdiction ratione personae and on May 17, 1949, judgment was rendered in favor of defendants, sustaining the exception and dismissing plaintiff's suit.
The present suit was filed on November 15, 1949. The defendants filed a plea of prescription of one year to the suit. This plea was sustained and plaintiff's suit was dismissed. Plaintiffs have appealed.
Since this is a tort action under Civil Code, Article 2315, it is apparent that the present action is prescribed under Civil Code, Article 3536, in that more than one year has elapsed from the happening of the alleged accident to the time of the filing of the suit, unless the running of prescription was interrupted by the filing of the suit in the Civil District Court, Orleans Parish. Hence, the only question presented is the legal effect of the filing of the suit in the Civil District Court for the Parish of Orleans.
In considering that question, the following provisions of law are pertinent:
Civil Code, Article 3518, provides: "A legal interruption takes place, when the possessor has been cited to appear before a court of justice, on account either of the ownership or of the possession; and the prescription is interrupted by such demand, whether the suit has been brought before a court of competent jurisdiction or not."
Act No. 39 of 1932, now LSA-Revised Statutes Title 9:5801: "The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts."
Code of Practice Articles 86 and 87 provide:
Article 87: "In order to ascertain whether a judge be competent or not, three points must be taken into consideration:
"1. The object or the amount in dispute.
"2. The person of the defendant.
"3. The place where the action is to be brought."
Article 86: "In matters of jurisdiction, the right given to a judge to take cognizance of certain causes against certain persons within his jurisdiction, is termed competency."
It may appear at first glance that the provisions of Civil Code, Article 3518 and Act No. 39 of 1932 are in conflict and that Act No. 39 of 1932 therefore tacitly repeals Article 3518 but a study of the two provisions clearly show that they are applicable to two sets of cases and are not in conflict. Act No. 39 of 1932 is merely another method whereby the running of prescription is interrupted. The jurisprudence is now well established that prescription is interrupted under Article 3518 by the filing of a suit in any court, whether of competent jurisdiction or not, whenever the defendant has been served with citation within the prescriptive period; prescription is not interrupted when citation to a defendant is made after the prescriptive period has run because citation to a defendant, which is the judicial notice to him to appear and answer the demand that is being made against him, is the only form of notice which will interrupt prescription. While, under the provisions of Act No. 39 of 1932, prescription is interrupted by the mere filing of a suit in a court of competent jurisdiction whether the defendant has been served with citation within the prescriptive period or not; in other words, the mere filing of a suit in a court of competent jurisdiction within the prescriptive period is sufficient to interrupt prescription. It thus becomes necessary to determine under which provisions the case at bar falls.
In order for a court to be of competent jurisdiction, the judge thereof must *138 have the right to take cognizance of certain causes against certain persons within his jurisdiction. Code of Practice, Article 86, supra. In order to determine whether the judge be competent or not, the object or the amount in dispute, as well as the person of the defendant, and the place where the action is brought must be considered. Code of Practice, Article 87, supra. Since the judgment of the Civil District Court for the Parish of Orleans sustained the exception to the jurisdiction ratione personae, this matter is now a closed book, thus, clearly showing the lack of jurisdiction of said district court over the person of defendants, a requisite under Code of Practice, Article 87, supra, and to not have been a court of competent jurisdiction in so far as this case is concerned as required by Act No. 39 of 1932. Thusly, the mere filing of the suit in the Civil District Court for the Parish of Orleans cannot constitute an interruption of prescription under the act. This case therefore necessarily fails under the provision of Civil Code, Article 3518.
As heretofore stated, the mere filing of a suit does not interrupt prescription under Article 3518; it is the service of citation on the defendant which interrupts prescription. In the case at bar, service of citation was not made on either of the defendants until more than a year after the death of plaintiff's minor child. Therefore, under the well established jurisprudence, the plea of prescription was correctly maintained.
In this court, in oral argument and in brief, counsel for plaintiffs presents for the first time the argument that the Civil District Court for the Parish of Orleans was a court of competent jurisdiction and that the suit was dismissed because of improper venue, the court holding that the suit should have been instituted at the domicile of Pugh, the principal defendant. We are not impressed with this argument in that one of the requisites of Code of Practice, Article 87, is that the judge to be competent must have jurisdiction of the person of the defendant. Suffice it to say that under plaintiff's contention, a party plaintiff could bring a suit in any district court for the State of Louisiana on the last day before prescription would accrue and interrupt prescription. Such is not our conception of the law.
The counsel for plaintiffs further contends that we should construe Civil Code, Article 3518 and Act No. 39 of 1932 liberally and cites and analyzes several cases, comparing said cases with the present. We are not favored with some of the cited cases but such cases that we have examined are inapplicable to the case at bar for the main reason that in all such cases, service of citation was made within the prescriptive period or the suits were filed in a court of competent jurisdiction.
For these reasons, the judgment appealed from is affirmed.