160 So.2d 832 (1964)
Mrs. Sadie KNIGHT, wife of/and W. K. Knight
v.
LOUISIANA POWER AND LIGHT COMPANY.
No. 1276.
Court of Appeal of Louisiana, Fourth Circuit.
February 3, 1964.
Rehearing Denied March 2, 1964.
Monroe & Lemann, Melvin I. Schwartzman, Andrew P. Carter, Eugene G. Taggart, W. Malcolm Stevenson, New Orleans, for defendant-appellee.
Selenberg & Sanchez, Roland R. Selenberg, Metairie, for plaintiffs-appellants.
Before SAMUEL, HALL and TURNER, JJ.
HENRY F. TURNER, Judge pro tem.
This case is before this Court on an appeal by the plaintiffs from a judgment of the District Court dismissing the tort action *833 filed by them against the defendant herein on a plea of prescription. Briefly stated, the facts are that the plaintiffs filed a suit in the United States District Court for the Eastern District of Louisiana on June 18, 1961, for damages ex delicto. The alleged tort occurred on June 18, 1960. Service of citation was not made in this case until several days after the filing of the suit.
The suit was brought in a United States District Court on allegation that the defendant was a Florida corporation, and the plaintiffs were Louisiana citizens. They made the necessary allegation to bring the case within the jurisdictional amount. The defendant filed an exception to the jurisdiction and attached thereto an affidavit showing its principal place of business was in the State of Louisiana. The United States District Court forthwith sustained their plea to the jurisdiction on the ground that there was no diversity of citizenship and dismissed plaintiffs' suit. At this time, of course, more than one year had elapsed from the date of the alleged tort. The plaintiffs then filed this suit on September 22, 1961, in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana. The plaintiffs' suit was then met with a plea of prescription of one year under the provisions of Articles 2315 and 3536 of the LSA-Civil Code.
Unless there was an interruption of prescription before the tolling of the one-year period, then the plea of prescription necessarily must be sustained. The LSA-Civil Code Article 3518, as amended, provides:
"A legal interruption takes place, when the possessor has been cited to appear before a court of justice, on account either of the ownership or of the possession; and the prescription is interrupted by such demand, whether the suit has been brought before a court of competent jurisdiction or not. The provisions of this article likewise apply to actions ex delicto, heretofore or hereafter filed, in a United States District Court of America, when and if said court holds it is not a court of competent jurisdiction. (As amended by Acts 1954, No. 532, Sec. 1)"
It will be noted that this action was originally in the section following prescription acquirenda causa or acquisitive prescription and before the amendment thereto, referred to a possessor, indicating a law suit involving immovable or other tangible property.
The amendment extended its application to actions ex delicto in a United States Court of America even when said court holds itself not a court of competent jurisdiction. It would, therefore, appear that since the service and citation was made after the one-year period, the plea of prescription is good, unless it is saved by some other type of interruption. The Legislature of 1932 enacted Act No. 39 (LSA-Revised Statutes 9:5801), which provides as follows:
"The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts."
It will be noted that the mere act of the filing of the suit in this instance interrupts prescription provided it is filed in a court of competent jurisdiction. At the time this suit was filed in the Twenty-Fourth Judicial District Court, the one-year period had passed, and plaintiffs cannot rely upon that provision of the law. The principal cases involving this situation are to be found in Babers v. Jolly, La.App., 107 So.2d 81; Flowers v. Pugh, La.App., 51 So.2d 136, and Hidalgo v. Dupuy, La.App., 122 So.2d 639.
Of these cases, only the Hidalgo v. Dupuy has been decided since the 1954 amendment to LSA-Civil Code Article 3518. In that case, although it appears to be obiter dicta, the Court recognizes the principles hereinabove set out. That is that unless a legal interruption takes place by the filing *834 of a suit in a court of competent jurisdiction under LSA-R.S. 9:5801, or by citing him in a suit filed in a court not of competent jurisdiction, including U. S. District Courts, not of competent jurisdiction, a plea of prescription of one year liberandi causa, under LSA-Civil Code Article 2315, will be sustained. For these reasons, the judgment of the District Court is affirmed.
Affirmed.