YARRUT, Judge.
Plaintiff appeals from a judgment of the district court maintaining Defendant’s plea of prescription of one year. This being a tort action, Plaintiff’s right to sue is governed by the one-year prescription. LSA-C.C. art. 3536.
The undisputed facts, disclosed by the record and admitted by Plaintiff, are:
Plaintiff first brought suit in the federal district court on the tort action which *69 originated on July 22, 1959, on the ground of diversity of citizenship. More than one year elapsed from the date of the alleged tort, however, before Defendant was served in the federal suit. Upon Defendant’s motion the federal suit was dismissed for want of jurisdiction due to lack of diversity of citizenship, under 28 U.S.C.A. § 1332(c).
On October 6, 1961, more than one year after Plaintiff’s cause of action arose, this suit was filed in the state district court. Defendant pleaded the one-year prescription under LSA-C.C. art. 3536, which the district court maintained.
' Plaintiff contends the district court below was in error in maintaining the plea of prescription because the suit in the federal court, filed within the year, had interrupted the running of the one-year prescription.
Defendant, on the contrary, contends the dismissal was correct because the filing of Plaintiff’s suit in the federal court did not interrupt the running of prescription since :
(1) The federal court was without jurisdiction to hear the case for lack of diversity of citizenship; and
(2) Service of process was not made on Defendant in the federal court suit until the lapse of more than one year from the date of the accident.
With no dispute as to the facts, the question is one of law only.
Prior to 1932, interruption of prescription on a cause of action could only take place by service of process on the defendant within the prescriptive period. Article 3518 of the LSA-Civil Code of 1870 provided as follows:
“A legal interruption takes place, when the possessor has been cited to appear before a court of justice, on account either of the ownership or of the possession; and the prescription is interrupted by such demand, whether the suit has been brought before a court of competent jurisdiction or not.”
The above Article was amended in 1954, by adding the following clause:
“The provisions of this article likewise apply to actions ex delicto, heretofore or hereafter filed, in a United States District Court of America, when and if said court holds it is not a court ot competent jurisdiction,”
which amendment merely codified the jurisprudence. See Babers v. Jolly, La.App., 107 So.2d 81; McMahon, 15 La.L.Rev. 38, at 42.
In 1932, LSA-R.S. 9:5801 was enacted which provided:
“The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts.”
The purpose of the above statute was to provide for legal interruption of prescription by the mere filing of suit, without the necessity of citation, within the prescriptive period, in a court of competent jurisdiction. The purpose of the change was to relieve the plaintiff of all responsibility for the delay or negligence of a court official in making actual service on the defendant. Taglialavore v. Ellerbe, La.App., 149 So. 296, at 297.
In 1960, LSA-R.S. 9:5801 was amended to provide:
“All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process.”
The filing of the earlier suit in federal district court did not interrupt prescription, *70 because it was not a court of competent jurisdiction, for lack of diversity of citizenship between the parties. 28 U.S.C.A. § 1332(c).
Competency, within the meaning- of LSA-R.S. 9 :5801, has been interpreted by the courts as meaning jurisdiction ratione materiae et personae. Flowers v. Pugh, La.App., 51 So.2d 136, at 137-138; 14 T.L. Rev. 601-03.
LSA-C.C.P. art. 5251(4) defines a court of "competent jurisdiction” as follows:
“ 'Competent court’, or ‘court of competent jurisdiction’, means a court which has jurisdiction over the subject matter of, and is the proper venue for, the action or proceeding.”
Knight v. Louisiana Power and Light Company, La.App., 160 So.2d 832.
Service of process in the federal court suit, ultimately dismissed for lack of jurisdiction, was not made until after the prescriptive period had elapsed. Consequently, there was no legal interruption of prescription under either method as provided by law. LSA-C.C. art. 3518; LSA-R.S. 9:5801; Knight v. Louisiana Power & Light Company, supra; Flowers v. Pugh, supra.
Plaintiff’s argument that prescription was interrupted by the issuance of the summons and complaint in the federal court suit by the clerk to the marshal, and the payment of the marshal’s fee, despite the fact that service of petition and citation was not attempted or made until after the prescriptive period had elapsed, is not in keeping with the jurisprudence cited supra.
In Flowers v. Pugh, supra, the court said:
“ * * * The jurisprudence is now well established that prescription is interrupted under Article 3518 by the filing of a suit in any court, whether of competent jurisdiction or not, whenever the defendant has been served with citation within the prescriptive period; prescription is not interrupted when citation to a defendant is made after the prescriptive period has run because citation to a defendant, which is the judicial notice to him to appear and answer the demand that is being made against him, is the only form of notice which will interrupt prescription.”
The case of Cupples v. Walden, La.App., 124 So.2d 613, relied upon by appellant, is clearly inapposite to the present case. In that case the plaintiff’s petition was deposited within the prescriptive period with a court of competent jurisdiction. There is no question presented in this case as to the depositing of the appellant’s first petition with the federal court. Appellant’s problem here is that the federal court was not one of competent jurisdiction; consequently the act of depositing the petition did not interrupt prescription unless service was made within the year.
Plaintiff conceded in oral argument that the facts in the case of Knight v. Louisiana Power & Light Company, supra (writs were refused by the Supreme Court), are identical with the facts of this case, but argued that our conclusion in the cited case was wrong and should be reversed. It would indeed be presumptuous for this Court now to reverse a prior decision which was approved by the Supreme Court.
Plaintiff has failed to comply with one of the two methods by which prescription can be legally interrupted in Louisiana;
(1) By the filing of an action in a court of competent jurisdiction and in the proper venue; or,
(2) Where the judicial demand is filed in a court without competent jurisdiction, by service of process upon defendant within the prescriptive period.
The judgment of the district court is affirmed; Plaintiff to pay all costs in both courts.
Judgment affirmed.