180 So.2d 240 (1965)
Anthony VENTERELLA, Joseph Bellavia Willie Guidry, individually and as Proprietors of the Sudan Oyster Co. and Emile Bouvier, Jr.
v.
Reuben C. PACE, d/b/a Pace Marine Service, J. Ray McDermott & Company, Inc., the Travelers Insurance Company, National Automobile and Casualty Insurance Company and Certain Underwriters at Lloyds of London.
No. 1946.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1965.
Rehearing Denied December 6, 1965.
Writ Refused February 4, 1966.
*241 Peltier & Peltier, Thibodaux, Robert U. Blum and Charles F. Seemann, New Orleans, for plaintiffs-appellants.
Phelps, Dunbar, Marks, Claverie & Sims, Gerard T. Gelpi, New Orleans, for Reuben C. Pace, d/b/a Pace Marine Service, defendant-appellee.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John J. Weigel, New Orleans, for J. Ray McDermott & Co., Inc., and The Travelers Ins. Co., defendants-appellees.
Terriberry, Rault, Carroll, Yancey & Farrell, M. D. Yager, New Orleans, for National Automobile and Casualty Ins. Co. and certain Underwriters at Lloyds of London, defendants-appellees.
Before McBRIDE, REGAN and BARNETTE, JJ.
BARNETTE, Judge.
Plaintiffs brought their action in the Civil District Court for the Parish of Orleans on March 20, 1960, for damage alleged to have been caused to their oyster lease on December 27, 1958, by the negligent grounding of a tug and a barge owned, operated, or insured by the five defendants. All defendants moved for summary judgment based on the running of prescription, and judgment was entered in their favor on November 16, 1964.
The only issue raised on appeal is whether or not the one year prescription of LSA-C.C. art. 3536 was interrupted by plaintiffs' filing a similar action in the United States District Court for the Eastern District of Louisiana on December 23, 1959. The filing was within the prescriptive period; however, none of the defendants were cited to appear in that action until after December 27, 1959. The federal court action was later dismissed for lack of jurisdiction because one of the defendants Reuben C. Pace, doing business as Pace Marine Service, was a citizen of Louisiana, as were the plaintiffs, and the essential requisite of diversity *242 of citizenship of all the parties was therefore wanting.
To resolve the question of whether or not prescription was interrupted requires consideration of the following Codal Article and Revised Statutes:
"A legal interruption takes place, when the possessor has been cited to appear before a court of justice, on account either of the ownership or of the possession; and the prescription is interrupted by such demand, whether the suit has been brought before a court of competent jurisdiction or not. The provisions of this article likewise apply to actions ex delicto, heretofore or hereafter filed, in a United States District Court of America, when and if said court holds it is not a court of competent jurisdiction." (Emphasis added.) LSA-C.C. art. 3518. (As amended by Acts 1954, No. 532, § 1.)
"The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts." (Emphasis added.) LSA-R.S. 9:5801.
Since this suit was filed, Act 31 of 1960 was enacted, incorporating the two foregoing sections without change of substantive law to read as follows:
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process." LSA-R.S. 9:5801. (As amended Act 1960, No. 31, § 1.)
Since three of the five defendants herein are foreign corporations, it is pertinent to mention also LSA-R.S. 12:66, which reads as follows:
"In all suits against corporations, all prescriptions against corporations shall be interrupted by the filing of the suit in the court having jurisdiction of the action against the corporation."
It will be seen readily that the substance of this section, which has its source in Act 250 of 1928, seems also to have been incorporated in LSA-R.S. 9:5801, as amended.
The issue before us hinges on interpretation of the phrase "a court of competent jurisdiction" as it is used in the statutes quoted above. If the United States District Court where the action was originally filed was a court of competent jurisdiction, then prescription was interrupted under provisions of LSA-R.S. 9:5801 when the suit was filed on December 23, 1959, four days before prescription had run. However, if the federal court was not "of competent jurisdiction", resort must be had to LSA-C.C. art. 3518, and interruption would not have occurred since the defendants were not cited until after December 27, 1959.
We think both the plain meaning of the statutory language and the jurisprudence of our courts emphatically support the trial judge's conclusion that the federal court was not a court of competent jurisdiction and that plaintiffs' cause of action prescribed.
In construing statutes we are constrained to give the words used therein their ordinary, usual signification. State v. Robertson, 241 La. 249, 128 So.2d 646 (1961), State v. Mack, 224 La. 886, 71 So. 2d 315 (1954), Charles Lob's Sons v. Karnofsky, 177 La. 229, 148 So. 34 (1933), 82 C.J.S. Statutes § 329b. Under this requirement, it is difficult to see how a court which has dismissed an action for lack of jurisdiction can be considered "a court of competent jurisdiction".
*243 Specifically in point on the issue before us are three cases recently decided in this state, Conkling v. Louisiana Power & Light Co., 166 So.2d 68 (La.App. 4th Cir. 1964); Sansone v. Louisiana Power & Light Co., 164 So.2d 151 (La.App. 1st Cir. 1964); and Knight v. Louisiana Power & Light Co., 160 So.2d 832 (La.App. 4th Cir. 1964). All three cases contained the same basic problem. Suits were brought in United States District Courts in Louisiana, alleging jurisdiction based on diversity of citizenship, on actions ex delicto against a foreign corporation which had its principal place of business in Louisiana. The actions were filed within a year of the alleged torts, but in each case service of the citations was not effected until the one-year period had run. After the suits were dismissed in the federal courts for lack of jurisdiction, the plaintiffs filed their actions in Louisiana state courts. In each case, pleas of prescription were upheld and judgments entered in favor of the defendants. The judgments were all affirmed by the respective Courts of Appeal, and writs of certiorari and review were denied in all three cases by the Supreme Court.[1]
Plaintiffs attempt to distinguish the Knight, Sansone, and Conkling cases on the fact that there was only one party defendant in each whereas here there were five defendants, only one of which lacked the requisite diversity of citizenship with the four plaintiffs. Plaintiffs contend that the federal courts "had jurisdiction over" the four foreign defendants and could have retained jurisdiction of the cause by dismissing the single non-diverse defendant.
Pretermitting the question of whether the defendant Pace was an indispensable party and could have been dismissed, the fact remains that he was a party to the action from the time it was filed until it was dismissed. The plaintiffs' joining of the non-diverse defendant deprived the federal court of jurisdiction over the cause of action. Mansfield C. & L. M. Ry. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884); Kern v. Standard Oil Co., 228 F.2d 699 (8th Cir. 1956). In this respect, it makes no difference whether there is only one defendant as in the Conkling, Sansone, and Knight cases or whether there are five defendants, only one of which is non-diverse. Jurisdiction over the cause of action is lacking in both, and it is this fact which renders the federal district court not "of competent jurisdiction".
Plaintiffs' counsel urges in his brief that the case of Blume v. City of New Orleans, 104 La. 345, 29 So. 106 (1900), supports his contention that the federal court suit interrupted prescription and that Blume should control our decision here. The case was a tort action based on an injury alleged to have been sustained on March 13, 1897, and was brought in the Civil District Court for the Parish of Orleans in April, 1899, more than two years after the occurrence of the injury. The suit had been filed originally in federal court on August 28, 1897, less than six months after the injury, and was dismissed there during trial when it was discovered that plaintiff was a citizen of New Orleans. The dismissal was entered April 22, 1899. The Supreme Court said:
"* * * Although a court may not have jurisdiction of a suit brought before it, it interrupts prescription. The legal interruption follows whether the court be competent or not. Civ.Code, arts. 3482-3484 (Rev.Civ.Code, arts. 3516, 3517) [obviously meaning 3518]. Though there may have been false representations as urged, it none the less remains that the suit was filed in the circuit court, which must be held as having interrupted prescription."
*244 Article 3518 at that time provided as follows:
"A legal interruption takes place, when the possessor has been cited to appear before a court of justice, on account either of the ownership or of the possession; and the prescription is interrupted by such demand, whether the suit has been brought before a court of competent jurisdiction or not." (Emphasis added.)
The most favorable interpretation of the Blume case from plaintiffs' standpoint is that the Court's language was ambiguous and leaves some doubt as to whether the Court held that mere filing of the federal action in and of itself interrupted prescription. We cannot believe this was intentional, but resulted from the fact that the issue of citation versus filing was not presented and therefore did not require a more specific answer. In the first place the codal provision itself required citation. Secondly, since the suit was filed August 28, 1897, and prescription would not have run until March 13, 1898, the marshal had more than six months to serve the citation. There is no indication that citation was not timely, and we must assume that service did occur before the end of the one year period. Therefore the issue as to whether filing alone without service of citation would have interrupted prescription was not before the Court.
However, if we assume, arguendo, that service of citation was not effected until prescription had run, plaintiffs are in no better position. The Blume case might then support the contention that mere filing interrupts prescription, but we would have in Blume precisely the same operative facts that we have in Conkling, Sansone, and Knightthat is, one plaintiff and one defendant in an action filed in federal court before the end of the one year period, service after the year was up, and subsequent dismissal for lack of jurisdiction. Such an interpretation of Blume would place it squarely in conflict with the three cases decided last year. As we pointed out above, the Supreme Court refused writs of certiorari and review in all three cases, indicating while so doing that the judgments were correct, thereby overruling the Blume case by implication.
Plaintiffs' counsel further relies on Brandon v. Kansas City So. Ry., 7 F.Supp. 1008 (W.D.La.1934). It is true that the court there apparently interpreted the Blume case, as plaintiffs argue, to mean that filing, even in an incompetent court, interrupted prescription. If so, it was in error. Clearly, the codal article requires citation. Moreover, the issue before that court was whether prescription was interrupted by a federal suit later dismissed for misjoinder an exception that does not challenge the court's jurisdiction of the cause of action. It was this ruling that was apparently approved in Harris v. Traders & Gen. Ins. Co., 200 La. 445, 8 So.2d 289 (1942). To say that a federal suit dismissed for misjoinder interrupts prescription is significantly different from saying that a federal suit dismissed for lack of jurisdiction over the cause of action interrupts prescription.
Plaintiffs' counsel contends that if we take the view that service of citation is necessary to interrupt prescription, then plaintiffs' right to a determination of the merits is defeated by the neglect of the marshal over whom he has no control, who failed in his duty to serve the defendants timely. This contention was rejected in the Sansone case where service was not effected until 25 days after filing. He points out that suit was filed on December 23, 1959, and none of the defendants were served until after December 27, 1959, even though at least one of the defendants had an agent for service of process within one-half mile of the courthouse. The marshal could hardly be charged with serious dereliction of duty since the four day period, in which service could have interrupted the running of prescription, included Christmas Day (Friday), Saturday, and Sunday. *245 There was a court of competent jurisdiction within easy reach of plaintiffs where by the mere filing of their suit they could have interrupted prescription immediately. The choice of the forum was theirs.
In affirming the dismissal of plaintiffs' suit we want to emphasize that the dismissal is based upon the plea of prescription. Motion for summary judgment is a descriptive term given to a procedural device borrowed from federal practice. Since it came into usage in our procedure, the term has been misused frequently. While the result reached in the instant case is correct, it would seem more proper to label defendants' motion a plea or exception of prescription.
The judgment appealed from dismissing plaintiffs' suit at their cost is affirmed.
Affirmed.
NOTES
[1] Conkling v. Louisiana Power & Light Co., 246 La. 869, 167 So.2d 678 (1964); Sansone v. Louisiana Power & Light Co., 246 La. 596, 165 So.2d 486 (1964); Knight v. Louisiana Power & Light Co., 246 La. 79, 163 So.2d 357 (1964).