FRUGÉ, Judge.
This is an appeal from a judgment dismissing a tort suit on the basis of prescription. The alleged tort occurred on September 6, 1968, when plaintiffs’ son was killed in an automobile accident when the automobile he was riding in overturned and burned on Federal Interstate Highway 10 in Jefferson Davis Parish.
Suit was originally filed by plaintiffs in the United States District Court for the Western District of Louisiana on September 4, 1969, and service of citation was not perfected until September 10, 1969. The instant suit was filed on December 22, 1969, under provisions of LSA C.C. Article 2315 in the 31st Judicial District Court for the Parish of Jefferson Davis.
Defendant filed an exception of prescription to the suit as filed in the state court on the grounds that the suit in the Federal District Court did not interrupt prescription because the Federal Court was without jurisdiction to try the suit; and the service of citation was not made on defendant until subsequent to the running of prescription. LSA C.C. Article 3536, being applicable, excluded their suit having been filed beyond one year from the date of the accident without the period having been interrupted. Judgment was entered sustaining the exception as applicable to the tort suit, but reserving plaintiffs’ rights based on contract under the medical payments coverage.
Appellants beseech us to overlook a positive statement of the legislature, LSA R.S. 9:5801, and a number of recent cases: Doucet v. Home Indemnity Company, 188 So.2d 442 (La.App. 3rd Cir. 1966); Venterella v. Pace, 180 So.2d 240 (La.App. 4th Cir. 1965); Sansone v. Louisiana Power *432 & Light Co., 164 So.2d 151 (La.App. 1st Cir. 1964); Conkling v. Louisiana Power & Light Co., 166 So.2d 68 (La.App. 4th Cir. 1964); Knight v. Louisiana Power & Light Co., 160 So.2d 832 (La.App. 4th Cir. 1964); and Hidalgo v. Dupuy, 122 So.2d 639 (La.App. 1st Cir. 1960), which hold that prescription may be interrupted either by the timely filing of a suit in a court of competent jurisdiction, whether filed in a State or Federal court or by the service of citation upon defendant within the prescriptive period even though the suit is filed in a court of incompetent jurisdiction.
Plaintiffs would have us do this merely because we failed in Marshall v. Southern Farm Bureau Casualty Co., 204 So.2d 665 (La.App. 3rd Cir. 1967), to acknowledge in that case that the suit filed in the Federal Court was filed in a court of competent jurisdiction. It could hardly be concluded that we were disregarding the basic law as advanced above defining circumstances which interrupt prescription. In that case the accident occurred on December 15, 1962. Suit was filed in Federal Court on July 11, 1963. That suit was dismissed by the Federal Court solely because plaintiffs failed to comply with an order of the court to produce certain documents. This dismissal was not based on lack of jurisdiction. See Marshall v. Southern Farm Bureau Casualty Co., D.C., 36 F.R.D. 186; affirmed 5th Cir., 353 F.2d 737, cert. den. 384 U.S. 910, 86 S.Ct. 1352, 16 L.Ed.2d 363. Our holding in that case was that the pending of the suit in the Federal Court system for almost three years suspended the prescriptive or peremptive period for an identical length of time. But that is not applicable to the issue presented in the instant case. Here the Federal District Court was not a court of competent jurisdiction. This issue was clearly decided in Venterella v. Pace, supra; Sansone v. Louisiana Power & Light Co., supra; Conkling v. Louisiana Power & Light Co., supra; Knight v. Louisiana Power & Light Co., supra.
Plaintiffs also urge us to disregard the letter of the law because of service of citation from the Federal District Court was not made for six days after the suit was filed. Plaintiffs state, “clearly this was an excessive administrative delay beyond plaintiffs’ control.” We find no merit to the contention that plaintiffs should not be charged with the delay in service. The responsibilities of choosing the proper forum are upon the plaintiff. Plaintiffs could have avoided this result by filing suit in the proper court. Sansone v. Louisiana Power & Light Co., supra. The plea of prescription was properly sustained.
For the foregoing reasons, the judgment of the trial court is affirmed at defendant-Appellee’s cost.
Affirmed.