**Luther F. ANDERSON, Plaintiff-Appellant,**

v.

**Joseph PAPILLION et al., Defendant-Appellees.**

**No. 71–1295.**

United States Court of Appeals, Fifth Circuit.

July 8, 1971.

Russell T. Tritico, Lake Charles, La., for plaintiff-appellant.

A. L. Plauche, Plauche, Sanders, Smith & Hebert, Lake Charles, La., for defendant-appellees.

Before COLEMAN, SIMPSON and RONEY, Circuit Judges.

PER CURIAM:

This appeal is from the dismissal of a personal injury action as barred by the applicable one year Louisiana prescription statute.[1] We affirm for the reasons summarized below.

Anderson, a citizen of Texas, was injured in an automobile accident in Louisiana. He brought suit in the court below under claimed diversity jurisdiction against Papillion, the driver of the truck, the other vehicle involved in the accident, and his insurer (under an om-

---

1. Article 3536 of the Louisiana Civil Code provides:

"The following actions are also prescribed by one year:

"That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses."

nibus clause, not as the named insured which was the owner, Export Cartage, Inc.). It developed from the Marshal's return of service that the defendant driver had become a citizen of Orange, Texas, at the time suit was filed, almost a year after the accident. The plaintiff Anderson dismissed as to Papillion.

After the one year Louisiana prescription period had run, Anderson sought to amend his complaint under Rule 15(c), F.R.Civ.P.[2] and named as defendants the driver's employer, Export Cartage, Inc., a Louisiana corporation, (Export), and the insurance carrier, Phoenix Insurance Company, a Connecticut corporation, (Phoenix.)[3]

We are convinced that the "relation back" of amendments under Rule 15(c) has no applicability to this case. The rule simply may not be interpreted so as to deny the protection of a limitations statute to an entirely new defendant, added after the prescription has run. In diversity cases, state statutes of limitation, not the Federal Rules of Civil Procedure, govern the determination of whether actions are brought timely.

■ "Pure diversity" must exist between plaintiff and all defendants at the time suit is filed to support federal jurisdiction. Strawbridge v. Curtiss, 1806, 3 Cranch 267, 2 L.Ed. 435. Since "pure" diversity did not exist at the time suit was brought, between Anderson, a Texas citizen, and Papillion, also a Texas citizen, the district court[4] had no jurisdiction, and therefore was (as held by the trial judge) an "incompetent court" within the meaning of Louisiana Revised Statutes 9:5801 as the term is defined by the Louisiana courts. Knight v. Louisiana Power and Light Co., La.App.1964, 160 So.2d 832; Conkling v. Louisiana Power and Light Co., La.App.1964, 166 So.2d 68, and Venterella v. Pace, La.App.1966, 180 So.2d 240.

■ Ragan v. Merchants Transfer and Warehouse Company, 1945, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520, prohibits a federal court in a diversity case from giving a cause of action a longer life than it would have had in the state court, Rule 3, F.R.Civ.P., providing that a civil action is "commenced by filing a complaint with the court" must yield to a state statute such as L.R.S. 9:5801, because a federal court cannot do more in a diversity case than the state court down the street can do. Anderson would fare no better of course if he had filed his action originally in an *incompetent state court.*

■ We think *Ragan,* then, controls this case. Conceding as we do, that it has its critics, it remains viable. See for instance, the discussion by Chief Judge Lumbard in Sylvestri v. Warner & Swasey Co., 2 Cir. 1968, 398 F.2d 598, of the effect on Ragan of Hanna v. Plumer, 1965, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8:

> " * * * The Supreme Court not only did not specifically state in *Hanna* that it was overruling *Ragan,* but

2. Anderson contends that since his original suit was filed within one year, prescription was interrupted, even though the court below had no jurisdiction because of the inclusion of a non-diverse defendant (later dismissed) and that the subsequent inclusion of another defendant by amended complaint filed more than a year after the accident "relates back" to the date of the original filing under Rule 15(c) of the Federal Rules of Civil Procedure.

3. It should be noted that for diversity purposes, under the terms of Title 28, U.S.C., Sec. 1332(c), Phoenix was deemed a citizen of Texas when sued directly with Papillion, as the suit was originally cast, but was deemed a citizen of Louisiana when sued as the insurer of its direct insured, Export. Phoenix was served through the Louisiana Secretary of State, more than a year after the accident.

4. Indeed, see footnote 3, under the terms of Title 28, Section 1332(c), Phoenix was also deemed a citizen of Texas, so diversity did not exist between Anderson and either original defendant. Our basis of decision makes it unnecessary to consider the implications of this.

the Court several times cited *Ragan* by way of distinction.   *   *   *"

See further, Wright, Law of Federal Courts, 2d Ed., pp. 244, 245, 246.

The judgment of the lower court is Affirmed.