GUIDRY, Judge.
Plaintiff instituted this action for injuries and damages he allegedly sustained on August 12, 1968 through the fault and negligence of the defendants, Charles Lovette, Owen L. Hampton, Cities Service Oil Company, Homer White Construction Company, a Mr. Turpin, Floyd Thompson, Procon, Inc., and the insurer of the latter, Fidelity & Casualty Company of New York, and all of Procon’s executive officers, directors, stockholders, and supervisors. Service of process was never had on Mr. Turpin or any of the executive officers, directors, stockholders or supervisors or Procon, Inc. except those principally made defendants. Defendants, Procon, Tnc., Cities Service Oil Company, Charles Lovette, Owen L. Hampton and Homer White Construction Company were all dismissed from this suit.
Floyd Thompson and Fidelity & Casualty Company of New York moved for summary judgment urging dismissal on the ground that the plaintiff’s right to proceed has prescribed under the provisions of R. C.C. Article 3536 and LSA-R.S. 9:5801. The district court rendered judgment maintaining the motion for summary judgment and dismissed plaintiff’s suit at his costs. Plaintiff appeals.
Suit was originally filed by plaintiff, J. R. Tally, on the same cause of action as that asserted in this suit, in the United *926 States District Court for the Western District of Louisiana. The federal suit was filed on August 12, 1969, against all defendants named hereinabove, excepting the executive officers, directors, stockholders, and supervisors of Procon, Inc., Mr. Turpin and Floyd Thompson. Floyd Thompson was later joined in that suit. ' Service of citation in this federal action was not commenced until August 18, 1969. Subsequent to the filing of that suit the defendants excepted to the jurisdiction of the federal district court. On March Sth, 1975, over five years later, the federal district court rendered judgment in favor of all the defendants and dismissed the suit for want of jurisdiction. No appeal was taken from that judgment which has now become final. The instant matter was filed in state court on February 20, 1975, a few days prior to dismissal of the federal court suit.
Plaintiff contends that the filing of suit in the federal district court interrupted prescription, therefore this suit, commenced prior to dismissal of the federal court action although some six years following the accident, was timely. R.C.C. Article 3536, LSA-R.S. 9:5801.
Clearly prescription may be interrupted either by the timely filing of a suit in a court of competent jurisdiction, whether filed in a state or federal court, or by service of process upon the defendant within the prescriptive period even though the suit is filed in a court of incompetent jurisdiction. Conkling v. Louisiana Power & Light Co., 166 So.2d 68 (La.App. 4th Cir. 1964); Venterella v. Pace, 180 So.2d 240 (La.App. 4th Cir. 1965); writ refused 248 La. 796, 182 So.2d 73, cert. den. 385 U.S. 819, 87 S.Ct. 42, 17 L.Ed.2d 57; Hazel v. Allstate Insurance Company, 240 So.2d 431 (La.App. 3rd Cir. 1970). R.S. 9:5801. R.C.C. Article 3536.
The jurisprudence has further set forth that when a state or federal court has dismissed an action for lack of jurisdiction that court can not be considered “a court of competent jurisdiction”, and only service of process on the defendant, and not the filing of the suit, will interrupt prescription. In speaking to this issue the coui;t in Venterella, supra, pgs. 242, 243, stated:

"The issue before us hinges on interpretation of the phrase ‘a court of competent jurisdiction’ as it is used in the statutes quoted above. If the United States District Court where the action was originally filed was a court of competent jurisdiction, then prescription was interrupted under provisions of LSA-R.S. 9:5801 when the suit was filed on December 23, 1959, four days before prescription had run. However, if the federal court was not ’of competent jurisdiction’, resort must be had to LSA-C.C. art. 3518, and interruption would not have occurred since the defendants were not cited until after December 27, 1959.

We think both the plain meaning of the statutory language and the jurisprudence of our courts emphatically support the trial judge’s conclusion that the federal court was not a court of competent jurisdiction and that plaintiffs’ cause of action prescribed.

In construing statutes we are constrained to give the words used therein their ordinary, usual signification. State v. Robertson, 241 La. 249, 128 So.2d 646 (1961), State v. Mack, 224 La. 886, 71 So.2d 315 (1954), Charles Lob’s Sons v. Karnofsky, 177 La. 229, 148 So. 34 (1933), 82 C.7.S. Statutes § 329b. Under this requirement, it is difficult to see how a court which has dismissed an action for lack of jurisdiction can be considered ‘a court of competent jurisdiction’.

Specifically in point of the issue before us are three cases recently decided in this state, Conkling v. Louisiana Power & Light Co., 166 So.2d 68 (La.App. 4th Cir. 1964); Sansone v. Louisiana Power & Light Co., 164 So.2d 151 (La.App. 1st Cir. 1964); and Knight v. Louisiana Power & Light Co., 160 So.2d 832 (La.App. 4th Cir. 1964). All three cases 
*927
contained the same basic problem. Suits were brought in United States District Courts in Louisiana, alleging jurisdiction based on diversity of citizenship, on actions ex delicto against a foreign corporation which had its principal place of business in Louisiana. The actions were filed within a year of the alleged torts, but in each case service of the citations was not effected until the one-year period had run. After the suits were dismissed in the federal courts for lack of jurisdiction, the plaintiffs filed their actions in Louisiana state courts. In each case, pleas of prescription were upheld and judgments entered in favor of the defendants. The judgments were all affirmed by the respective Courts of Appeal, and writs of certiorari and review were denied in all three cases by the Supreme Court."

In the instant matter, the federal district court, wherein plaintiff originally filed his action, dismissed the plaintiff’s suit for lack of jurisdiction. That being so, plaintiff’s suit was filed in a court of incompetent jurisdiction and only service of process on the defendant, and not the filing of that suit, would interrupt the running of prescription. R.S. 9:5801 and cases cited herein. Plaintiff’s suit in federal court was filed on August 12, 1969 on the last day of the one year prescriptive period, citation on the defendants was not commenced until August 18, 1969. Obviously, service of process on the defendants did not interrupt prescription of the plaintiff’s action, prescription having already expired on August 13, 1969, some five days prior to the commencement of service of process.
The plaintiff has indicated that he is in accord with thq above cited law, i.e., R.S. 9:5801 but contends that the federal district court had diversity jurisdiction was therefore a court of competent jurisdiction and the mere filing of suit interrupted prescription. In essence the plaintiff is attempting to collaterally attack the judgment rendered by the federal district court, a judgment that has not become final.
A federal district court, although a court of limited jurisdiction, has the power to decide as to its own jurisdiction and its decision as to its jurisdiction has the same effect and conclusiveness as its decision on any other matter. 21 C.J.S. § 115; 20 Am.Jur.2d Sec. 92. It is further established that a decision of a lower federal court is not subject to collateral attack unless shown to be secured by fraud, or the judgment is in irreconcilable conflict with facts otherwise disclosed by the record of the proceedings. Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329; 49 C.J.S. § 427 et seq.; 46 Am.Jur.2d Sec. 621 et seq.
As aforestated the plaintiff alleges in brief that there was diversity of jurisdiction in his prior federal court suit and that that court erred in maintaining the defendants’ claim of lack of jurisdiction. The plaintiff has cited no authority which would permit this court to disregard the judgment of the federal district court, nor has he produced a scintilla of evidence to show that the judgment of the federal court was secured through fraud, or that the facts as disclosed in the record of that proceeding are in irreconcilable conflict with the judgment. Accordingly, we find that the plaintiff’s action, which was filed in state court on February 20, 1975 has prescribed.
For the foregoing reasons the judgment appealed from is affirmed, all costs of this appeal to be borne by the plaintiff-appellant.
AFFIRMED.