| | |
|---|---|
| Carl Enterprises | $ 105.92 |
| Navigational & Safety Aids, Inc. | 20.91 |
| Jaynes Shipping Company | 232.43 |
| National Cotton, Inc. | 29.52 |
| G & J Land and Marine Distributors | 14.69 |
| Bludworth Bond Shipyard | 3.74 |
| Sperry Marine Systems | 6.41 |
| Video Systems, Inc. | 16.72 |
| GM Diesel Repairs | 2.38 |
| Hogan Fluid Power, Inc. | 88.16 |
| LaMarche Manufacturing Company | 16.70 |
| Sabayrac Battery Associates, Inc. | 13.59 |
| A-Line Towing Company | 42.24 |
| Air Power Service Company, Inc. | 39.95 |
| Wright's Price-Rite Supermarket, Inc. | 6.40 |
| Atlas Travel, Inc. | 42.77 |
| Sub-sea Systems, Inc. | 21.31 |
| Underway Survey, Inc. | 82.77 |

Gala William **SCHARFF**

v.

**CAMERON OFFSHORE SERVICES, INC. and California Union Insurance Company.**

Civ. A. No. 771205.

United States District Court, W. D. Louisiana, Lake Charles Division.

July 26, 1979.

D. Michael Mooney, Lake Charles, La., for plaintiff.

A. Lane Plauche, Plauche, Smith, Hebert & Nieset, Lake Charles, La., for defendants.

VERON, District Judge:

### MEMORANDUM RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED UPON A PLEA OF PRESCRIPTION

This is a diversity action involving an accident which occurred in Cameron, Louisiana on December 5, 1975 allegedly resulting in serious leg injuries to the plaintiff caused by the fall of a large pipe. The plaintiff, a Colorado resident, sues the defendant, Cameron Offshore Services, Inc., a Louisiana corporation, and its liability insurer, California Union Insurance Company, a California corporation. The defendants now move for summary judgment grounded upon a plea of prescription based on Louisiana law.

The following chronology of facts may prove helpful at this point:

| | |
|---|---|
| 12/ 5/75 | Date of accident in Cameron, La.; |
| 6/28/76 | Suit filed against Cameron Offshore Services, Inc. and California Union Insurance Company in United States District Court in Colorado and summons issued to defendants; |
| 7/ 6/76 | Summons served on Cameron Offshore Services, Inc. through Jerry G. Jones, agent for service of process in Cameron, Louisiana; |
| 7/ 8/76 | Summons issued to California Union returned by Deputy Marshal unserved; |
| 7/26/76 | Motion to dismiss filed by Cameron Offshore Services, Inc.; |
| 1/ 7/77 | Motion to dismiss treated as Motion to Quash Service of Process and granted, quashing service of 7/6/76 on Cameron |

Offshore Services, Inc. through Jerry G. Jones;

3/17/77    Second attempt to serve California Union returned unserved;

6/22/77    Third attempt to serve summons on California Union returned unserved;

7/28/77    Motion to dismiss filed by California Union;

8/ 8/77    Motion to dismiss filed by California Union granted;

9/18/77    Order of Dismissal without prejudice entered;

10/28/77    Present suit alleging same cause of action filed in United States District Court, Western District of Louisiana, Lake Charles Division;

2/18/78    Defendants file answer herein pleading prescription as their first defense.

■ None of the parties have discussed the conflicts of law issue inherent in resolving this motion. In diversity of citizenship cases, federal courts, when deciding questions of conflicts of laws, must follow the choice of law rules prevailing in the States in which they sit. *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

■ However, even if the forum determines that reference should be made to some foreign law, such reference is only as to matters of "substance", while all matters of "procedure" are still governed by the law of the forum. As with other problems of characterization, the determination and delineation of what constitutes "substance" and what constitutes "procedure" is made by the forum in its own terms and according to its own standards.

■ Traditionally, American courts have adopted *ipso facto* the English rule that statute of limitations is "procedural," and thus governed by the forum's law. *See generally* Restatement, Second, Conflicts of Laws § 142 (1971). *Pritchard v. Norton*, 106 U.S. 124, 1 S.Ct. 102, 27 L.Ed. 104 (1882). The Louisiana prescription statute,

LSA–C.C. Art. 3536, is procedural because it does not extinguish the right, but rather only bars the remedy in Louisiana courts. *Huson v. Otis Engineering Corporation*, 430 F.2d 27, 31 (5th Cir. 1970), *aff'd. sub nom. Chevron Oil Company v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), *Succession of Harz*, 181 So.2d 272 (La.App. 4th Cir. 1965); *Mallard v. State*, 194 So. 447 (La. App. 1st Cir. 1940). Louisiana jurisprudence clearly indicates that in a conflict of laws context Louisiana accepts the long accepted maxim that statutes of limitation are matters of procedure and the statute of limitations of the forum controls. *E. g., Roper v. Monroe Grocer Company*, 171 La. 181, 129 So. 811 (1930); *Newman v. Eldridge*, 107 La. 315, 31 So. 688 (1902). The leading Louisiana conflicts decision, *Jagers v. Royal Indemnity Company*, 276 So.2d 309 (La.1973), has not been interpreted to compel a different result. *E. g., Gierling v. Garner*, 284 So.2d 664 (La.App. 3rd Cir. 1973). *See generally* H. Couch, *Louisiana Adopts Interest Analysis: Applause and Some Observations*, 49 Tul.L.Rev. 1 (1974).

■ If this suit was on a right created by federal law, the filing of the complaint pursuant to Federal Rule of Civil Procedure 3 without more would be sufficient to interrupt the statute of limitations. However, when the claim asserted in federal court, as here, is on a right created by state law, provisions of the state statute of limitations as to how the action is commenced control in federal court. *Ragan v. Merchants Transfer & Warehouse Company*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). This holding was prompted by *Erie Railroad Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and the policy consideration that when federal jurisdiction is based on diversity of citizenship, a federal court cannot give an action longer life than it would have had in the State court.[1]

1. The continued viability of *Ragan* is questioned by *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). While *Ragan* admittedly has its critics, "the Court did not overrule *Ragan* but took pains to indicate why *Hanna* was not inconsistent with the earlier case, [and] it seems the safer course is to assume that the *Ragan* decision is authoritative." 4 C. Wright & A. Miller, Federal Practice and Procedure § 1057 p. 191 (1969). *See Anderson v. Papillion*, 445 F.2d 841 (5th Cir. 1971); *Brown v. Texas & Pac. R. R. Co.*, 392 F.Supp.

Louisiana prescription therefore should be applied in resolving this motion together with the corresponding Louisiana law which controls how prescription is interrupted.

Thus, the single issue presented in ruling on defendants' motion for summary judgment is whether the July 6, 1976 service of summons on defendant, Cameron Offshore Services, Inc., through their duly appointed agent for service of process, Jerry G. Jones, in Cameron, Louisiana (obviously less than one year after the accident that occurred in Cameron, Louisiana on December 5, 1975) interrupted prescription under Louisiana Revised Statute 9:5801 and Louisiana Civil Code Article 3536.

■ In this factual setting Louisiana Revised Statute 9:5801 is controlling:

> All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process.

As amended Acts 1960, No. 31, § 1. Clearly then, prescription may be interrupted either by the timely filing of a suit in a court of competent jurisdiction, whether filed in a state or federal court, or by service of process upon the defendant within the prescriptive period even though the suit is filed in a state or federal court of incompetent jurisdiction. *Conkling v. Louisiana Power & Light Co.*, 166 So.2d 68 (La.App. 4th Cir. 1964); *Venterella v. Pace*, 180 So.2d 240 (La.App. 4th Cir. 1965), *writ refused* 248 La. 796, 182 So.2d 73, *cert. denied* 385 U.S. 819, 87 S.Ct. 42, 17 L.Ed.2d 57; *Hazel v. Allstate Insurance Company*, 240 So.2d 431 (La.App. 3rd Cir. 1970); R.S. 9:5801; L.S.A.–CC Art. 3536.

■ "Incompetency" within the meaning of LSA–R.S. 9:5801 means the filing of a suit in a jurisdiction which lacks either subject matter or personal jurisdiction. *See Conkling v. Louisiana Power & Light Co., supra,* 166 So.2d at 70.

. Chief Judge Fred M. Winner of the United States District Court for the District of Colorado, with the concurrence of plaintiff counsel treated the defendants' motion to dismiss as a motion to quash service for want of *in personam* jurisdiction.[2] Cameron Offshore Industries apparently did not have sufficient contacts with Colorado to warrant service pursuant to the Colorado long arm statute.[3] Defendant therefore argues that since the service on Cameron Offshore Services, Inc. was quashed, it is a nullity and has absolutely no legal effect between the parties to the suit. On the other hand, the plaintiff argues that both the service was quashed and the suit was dismissed for the same reason, *i. e.* lack of personal jurisdiction over Cameron Offshore Industries by the Colorado court. Thus, plaintiff argues that prescription was interrupted pursuant to Louisiana Revised Statute 9:5801 on July 6, 1976 when summons was served on defendant, Cameron Offshore Services, Inc., through their duly appointed agent for service of process, Jerry G. Jones in Cameron, Louisiana.

In *Conner v. Continental Southern Lines, Inc.*, 294 So.2d 485 (La.1974), suit was filed within the one year prescriptive period in an incompetent court and the service of process which was made within the one year prescriptive period was not made on the proper person. The Louisiana Supreme Court made the following observations suggestive of the proper result here:

> Service of process interrupts the running of prescription even though the process is defective and subject to exception, if it is sufficient to inform the per-

1120 (W.D.La.1975); *Anderson v. Phoenix of Hartford Ins. Co.*, 320 F.Supp. 399 (W.D.La. 1970).

2. Deposition of Norman D. Haglund, p. 11 (Jan. 4, 1979); Transcript of Proceedings before the

Honorable Fred M. Winner, *Scharff v. Cameron Offshore Services*, 76–W–653 (D.C.Colo.) (Jan. 7, 1977).

3. Deposition of Norman D. Haglund, p. 33 (Jan. 4, 1979).

**52**

son served of the legal demands made upon him from the described occurrence. However, the proper person, as designated by law, must be served before service of process will interrupt the running of prescription. The Code of Civil Procedure does not authorize that a distinction be drawn between the persons to be served for the purpose of interrupting prescription and those to be served for other purposes.

*Id.* at 488 (citations omitted). In the case at bar there has been no question raised that Jerry G. Jones was the registered agent for service of process for Cameron Offshore Services, Inc. and therefore our case is distinguishable from *Conner.* In fact, there has been no allegation that the service made upon Mr. Jones was in some manner technically deficient. Moreover, there is no doubt that the service made was sufficient to notify the defendants of the claim asserted.

Both parties correctly recognize that where alleged joint tortfeasors are solidary obligors, timely suit filed against one of them will interrupt prescription against both of them. *Pearson v. Hartford Accident & Indemnity Company,* 281 So.2d 724, 725–726 (La.1973); *Hall v. Hartford Ins. Co.,* 346 So.2d 309 (La.App. 4th Cir. 1977). All co-tortfeasors and their respective insurers are liable to the injured plaintiff *in solido.* LSA–C.C. Art. 2103; LSA–R.S. 22:655.

After consideration of the memoranda submitted by counsel, a review of the relevant jurisprudence, and the benefit of oral argument, this court holds that the July 6, 1976 service on defendant, Cameron Offshore Services, Inc., interrupted prescription pursuant to Louisiana Revised Statute 9:5801 as to both defendants. Accordingly, defendants' motion for summary judgment based upon a plea of prescription is DENIED.