Eleanor DRISCOLL, Plaintiff–Appellant,

v.

NEW ORLEANS STEAMBOAT COMPA-
NY, Defendant–Appellee.

No. 80–3298
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Jan. 8, 1981.

J. David Malone, New Orleans, La., John
C. Grier, San Diego, Cal., for plaintiff–appellant.

Chaffe, McCall, Phillips, Toler & Sarpy, William F. Grace, Jr., John Oliver Braud, New Orleans, La., for defendant–appellee.

Before BROWN, POLITZ and TATE, Circuit Judges.

TATE, Circuit Judge:

The plaintiff appeals from an order of the United States District Court for the Eastern District of Louisiana dismissing her diversity action as time–barred (prescribed) under the applicable provisions of Louisiana law. Because we find the action has not prescribed under Louisiana law, we vacate the order of the district court and remand the cause *for further proceedings.*

*Procedural Context*

Eleanor Driscoll slipped and fell on the gangplank of the M/V NATCHEZ, a river vessel owned by the defendant–appellee New Orleans Steamboat Company. The accident occurred on September 4, 1977. On August 25, 1978, Driscoll filed suit in the United States District Court for the Southern District of California to recover for that injury. Process was served on the defendant Steamboat Company on September 8, 1978—one year and four days after the date of the injury. Driscoll's complaint asserted jurisdiction based on diversity of citizenship and urged the negligence of the defendant Steamboat Company and its agents in allowing the gangplank to become and to remain in an excessively slippery and dangerous condition.

On the motion of the Steamboat Company, the district court determined that it lacked personal jurisdiction of the defendant. It transferred the action to the United States District Court for the Eastern District of Louisiana, rather than dismiss it, in order to avoid time–bar problems that might arise because the suit had been filed so shortly before the prescriptive delay expired. It is important, however, to note that the California district was a tribunal of proper venue. 28 U.S.C. § 1391, regulating venue, provides that a diversity suit may be brought in the district where all plaintiffs or all defendants reside. This was a proper venue for the suit, since the sole plaintiff resided in that district. The defense of lack of personal jurisdiction may be waived, if not properly asserted by the defendant, Fed.R.Civ.P. 12(h)(1). Thus, for instance, the California suit could be tried as in a proper venue, if the defendant had waived its defense of the California court's lack of personal jurisdiction over it.[1]

*No Louisiana Time–Bar*

In the Eastern District of Louisiana, the Steamboat Company moved for dismiss-

---

1. Venue is distinct from jurisdiction. Venue may be proper or improper, independent of questions of subject matter or personal jurisdiction. *See generally* 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3801 (1976). (Proper venue is distinct from the notion of *forum conveniens. Id.* § 3828.)

  In the present case, the defendant moved to dismiss in the Southern District of California on three grounds: Lack of personal jurisdiction, forum non conveniens, and improper venue. The suit was transferred because of lack of personal jurisdiction. The defendant's venue arguments clearly confused the notion of venue with that of forum non conveniens–but the district court did not make that same mistake. *See* 15 Wright, Miller & Cooper § 3828, at 179 & n.11.

al of Driscoll's complaint on grounds that it had prescribed under the applicable provisions of Louisiana law. That motion was denied. At the close of Driscoll's case, the Steamboat Company moved for a summary judgment on the same grounds. That motion was granted, and the case was dismissed.

Despite the characterization of her action in the court below as one in diversity under the substantive law of Louisiana,[2] Driscoll argues on appeal that her complaint is sufficient to assert federal admiralty jurisdiction, and on that basis urges error in the district court's reference to the one year prescriptive period of La.Civ.C. art. 3536, as modified by La.R.S. 9:5801 (1960).

We need not reach this jurisdictional issue urged by the plaintiff on this appeal, because we find that the district court misconstrued the law of Louisiana: the action below has not prescribed under the applicable provisions of Louisiana law.

Louisiana law provides a one–year prescriptive period in actions for damages resulting from offenses or quasi–offenses. La.Civ.C. art. 3536. The running of prescription is interrupted, however, by the timely filing of an action in either of two circumstances: The court in which the action is filed is competent, or if not, service of process on the defendant is perfected before prescription has run. La.R.S. 9:5801.

In this case, although service of process was not perfected within the one–year prescriptive period, the court in which the action was timely filed—the United States District Court for the Southern District of California—was a competent court within the meaning of La.R.S. 9:5801.

■ Under Louisiana law, a court is competent if it has jurisdiction over the subject matter and is a proper venue for the action. La.C.Civ.P. art. 5251(4); *Ray v. South Central Bell Telephone Company*, 315 So.2d 759, 762 (La.1975); *Foster v. Breaux*, 270 So.2d 526, 528 n.1 (La.1972). The existence *vel non* of personal jurisdiction over the defendant plays no role in determining the competency of the court. *See* La.C.Civ.P. art. 5251(4); *id.* art. 2 and Comment (b).[3]

Although lacking personal jurisdiction of the defendant, the Southern District of California clearly had subject matter jurisdiction of the cause—the matter in controversy exceeded the sum of $10,000 and was between citizens of different states. 28 U.S.C. § 1332(a), (a)(1), (c). Furthermore, as discussed above, venue was entirely proper since all plaintiffs resided in that district. 28 U.S.C. § 1391(a).

■ The factual situation in the present case is to be distinguished from

---

2. The applicability of Louisiana law to this action in diversity is not disputed on appeal.

3. La.C.Civ.P. art. 5251(4) provides:
   "Competent court", or "court of competent jurisdiction", means a court which has jurisdiction over the subject matter of, and is the proper venue for, the action or proceeding.
   Article 2 defines subject matter jurisdiction as the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted.
   *Id.* art. 2. The comments to that article make it clear that the Code intends to alter prior notions of competence:
   (b) Jurisdiction over the subject matter, as defined in this article, is the "jurisdiction ratione materiae" of Louisiana procedure prior to its confusion with "jurisdiction ratione personae" by recent cases. It appears to be the same as "competency of the court" of the Restatement of Judgments, § 7; and is the

exact counterpart of the French concept of "competence ratione materiae".
*Id.* Comment (b).
   The cases to the contrary that are relied upon by the court below are not persuasive. *Conkling v. Louisiana Power and Light Company*, 166 So.2d 68, 70 (La.App. 4th Cir. 1964), is an intermediate appeals court opinion from the mid 1960's that was, in our view, still laboring under the confusion noted in Comment (b), above. *Scharff v. Cameron Offshore Services*, 475 F.Supp. 48, 51 (W.D.La.1979) simply followed *Conkling, supra,* in this regard; actually, *Scharff's* holding rejected the time–bar defense founded on La.R.S. 9:5801, and it did not have to come to grips with the present issue. Language in that line of cases is not controlling. *Conkling* and its progeny are repudiated by the express language of La.C.Civ.P. art. 5251(4) and by the Louisiana Supreme Court in *Ray v. South Central Bell Telephone Company*, 315 So.2d at 762.

that concerning a dismissal of a prior federal diversity suit for lack of jurisdiction because of nondiversity of the parties. There, the filing of the prior suit cannot be urged as interrupting prescription. *Venterella v. Pace*, 180 So.2d 240 (La.App. 4th Cir. 1965); *Anderson v. Papillion*, 445 F.2d 841 (5th Cir. 1971). In the latter distinguishable situation, the federal court in which the first suit was filed lacked *subject matter* jurisdiction over it—a lack of authority or competence to decide the suit, 5 Wright & Miller, Federal Practice and Procedure § 1350 (1969), because in the absence of diversity the federal court has no jurisdiction of an action based solely on 28 U.S.C. § 1332, which requires diversity of citizenship between the parties, 13 Wright, Miller & Cooper, Federal Practice and Procedure § 3602 (1975). The lack of subject matter jurisdiction, of authority or competence to decide the case, "should not be confused with jurisdiction over the person, which involves the court's ability to exercise its power over an individual for the purpose of adjudicating his rights and liabilities stemming from a particular transaction or event." 5 Wright & Miller, § 1350, at 543. Lack of jurisdiction over the subject matter cannot be waived, Fed.R.Civ.P. 12(h)(3), unlike jurisdiction over the person, which can, *id.* 12(h)(1). *See* 5 Wright & Miller, §§ 1350, 1351, 1391, 1393; 13 Wright, Miller & Cooper, §§ 3533, 3602.

We conclude that the Southern District of California was a competent court within the meaning of La.R.S. 9:5801, since it had jurisdiction over the subject matter of, and was a proper venue for, the present diversity action therein filed. Therefore, the timely filing of this action there interrupted the one–year prescriptive period of La. Civ.C. art. 3536.

For this reason, we VACATE the order of dismissal and REMAND the cause to the district court for trial on the merits.