**Louis E. GRAY, Plaintiff,**

v.

**CIBA–GEIGY, American SPE Corporation, and Aerolite SPE Corporation.**

**No. IP 81–1051–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Jan. 25, 1983.

Peter Stewart, of Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, Ind., for plaintiff.

R. Stanley Lawton and Anthony P. Gillman, of Ice, Miller, Donadio & Ryan, Indianapolis, Ind., for defendants.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

STECKLER, District Judge.

This case is before the Court upon defendant CIBA–GEIGY Corporation's Fed.R. Civ.P. 56 motion for summary judgment. The Court, having considered the motion, memorandum, affidavit, pleadings and proposed findings of fact and conclusions of law filed therewith, now finds that there is no genuine issue as to any material fact and that the defendant CIBA–GEIGY Corporation is properly entitled to judgment as a matter of law.

This action was instituted by the plaintiff for damages arising out of an alleged dealership contract for the distribution of a urea formaldehyde foam insulation product. Defendant CIBA–GEIGY Corporation having moved for summary judgment, the Court, in accordance with Rule 56, finds that the facts as claimed by the moving party are true, and exist without controversy, and finds that it is appropriate that summary judgment be entered in favor of defendant CIBA–GEIGY Corporation against the plaintiff, Louis E. Gray. Having concluded that summary judgment is appropriate in favor of CIBA–GEIGY Corporation, the Court now enters the following findings of fact and conclusions of law.

FINDINGS OF FACT

1. The plaintiff, Louis E. Gray, is a citizen of the United States and a resident of Indianapolis, Marion County, Indiana.

2. The defendant American SPE Corporation is a corporation organized in the State of Kentucky with its principal office in Florence, Kentucky.

3. The CIBA–GEIGY Corporation is a New York corporation, with its principal place of business in the State of New York, upon whom the plaintiff served his complaint thereby making it a party defendant to this action.

4. The CIBA–GEIGY (UK) Ltd. is a British corporation created under the laws

of England, upon which the plaintiff intended service to be made. Service has not been perfected upon CIBA–GEIGY (UK) Ltd.

5. On December 29, 1977, CIBA–GEIGY Corporation acquired the capital stock of American SPE Corporation which changed its name to "Aerolite SPE Corporation." Prior to December 29, 1977, CIBA–GEIGY Corporation had no interest in, or control of, American SPE Corporation.

6. Subsequent to December 29, 1977, Aerolite SPE Corporation continued at all times to operate as a separate corporate entity.

7. At no time prior or subsequent to December 29, 1977, did CIBA–GEIGY Corporation supply urea formaldehyde foam insulation or any of the ingredients required in the manufacture of urea formaldehyde foam insulation to Aerolite SPE Corporation (formerly, American SPE Corporation).

8. CIBA–GEIGY Corporation does not now manufacture, sell, furnish or distribute either urea formaldehyde foam insulation or any of the ingredients required in the manufacture of urea formaldehyde foam insulation, nor has it ever done so.

9. The contract alleged by the plaintiff was between him and American SPE Corporation; CIBA–GEIGY Corporation was not a party to this contract. This contract was entered into in March 1977 prior to the time that CIBA–GEIGY Corporation purchased the common stock of American SPE Corporation on December 29, 1977.

10. The CIBA–GEIGY Corporation had no personnel conducting or attending any promotional meeting in Indianapolis in the spring of 1978.

11. Any fraud practiced upon the plaintiff in March 1977 cannot be imputed to CIBA–GEIGY Corporation because it did not assume responsibility for the acts of American SPE Corporation and it did not participate in any sales promotional meetings in 1978.

## CONCLUSIONS OF LAW

Based upon the foregoing findings of fact, the Court makes the following conclusions of law.

1. The Court has jurisdiction over the parties and the subject matter of this case.

2. CIBA–GEIGY Corporation did not enter into a contract with the plaintiff, Louis E. Gray.

3. CIBA–GEIGY Corporation did not breach any contract with the plaintiff.

4. There is no genuine issue as to any material fact and defendant CIBA–GEIGY Corporation is entitled to judgment as a matter of law.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that the plaintiff, Louis E. Gray, take nothing by his complaint against the defendant CIBA–GEIGY Corporation, and that each party bear its own costs and attorney fees in this action.

IT IS FURTHER ORDERED that final judgment be entered in favor of the defendant CIBA–GEIGY Corporation, and against the plaintiff, Louis E. Gray.