Dr. Donald A. GUTHRIE, Plaintiff,

v.

CIBA–GEIGY, LTD. and Ciba-Geigy
Corp., Defendants.

Civ. A. No. B–83–199.

United States District Court,
D. Connecticut.

May 10, 1984.

Roland T. Bryan, Stamford, Conn., for
plaintiff.

Barry C. Hawkins, Ronald J. Cohen,
George E. O'Brien, Jr., Tyler, Cooper &
Alcorn, New Haven, Conn., for defendant
Ciba-Geigy Corp.

### RULINGS ON DEFENDANTS' MOTIONS TO DISMISS

ZAMPANO, Senior District Judge.

Plaintiff, Donald A. Guthrie, instituted
this action against his former employer,
Ciba-Geigy Corporation ("Corporation"),
and Corporation's parent company Ciba-
Geigy, Ltd. ("Limited"), to recover dam-
ages for the alleged unlawful termination
of his employment in violation of the Age
Discrimination in Employment Act, 29
U.S.C. § 621 *et seq.* The grounds advanced
for jurisdiction over the defendants are
Connecticut's long-arm statute, Conn.Gen.
Stat. § 33–411(b) and (c), and the federal
venue statute, 28 U.S.C. § 1391(c) and (d).
Both defendants move to dismiss pursuant
to Fed.R.Civ.P. 12(b)(2), asserting that they
are not subject to the *in personam* juris-
diction of this Court.

### JURISDICTION OVER THE CORPORATION

The defendant Corporation, a New York
corporation with its principal offices locat-

ed in Ardsley, New York, is engaged in the manufacture and sale of special purpose chemicals, including dyestuffs, plastics, and other products. Although Corporation is licensed to do business in numerous states, it is not licensed to do business in the State of Connecticut.

Under these circumstances, section 33–411(b)[1] requires the presence of two factors in order to subject Corporation to this Court's jurisdiction: first, Corporation must have transacted business within the State of Connecticut, and second, the plaintiff's cause of action upon which Corporation is being sued must have arisen out of the business transacted by Corporation in this state. See, e.g., *Apolinario v. Avco Corp.*, 561 F.Supp. 608, 612 (D.Conn.1982); *Lombard Bros., Inc. v. General Asset Management Co.*, 190 Conn. 245, 251–52, 460 A.2d 481 (1983).

During the course of two hearings held on the jurisdictional question, the issue of whether Corporation "transacts business" in the state was vigorously contested. However, for the purposes of the instant motion, the Court need not decide whether Corporation's business contacts within the state are sufficient to satisfy the "transaction of business" prong for jurisdiction. Even if the plaintiff should prevail on the issue, it is clear that the plaintiff's cause of action for employment discrimination did not arise from any business conducted by Corporation in Connecticut.

It is uncontroverted that none of the operative facts relating to his claims of discrimination and to his termination occurred in Connecticut. All of the challenged actions and relevant events in this lawsuit arise out of an employer-employee relationship between Corporation and the plaintiff, not out of the plaintiff's or Corporation's business activities in this state. The moving papers reveal that determinations regarding plaintiff's terms and conditions of employment, as well as the decision to terminate his employment, were made by Corporation at its headquarters in Ardsley, New York.

The plaintiff does not seriously dispute that he has failed to make a showing of the necessary relationship between his causes of action and the business allegedly transacted by Corporation in this state. Rather, he advances two arguments to extricate himself from the deficiency of proof. First, he contends that Corporation's extensive business contacts with the State of Connecticut, in and of themselves, provide the necessary nexus to confer personal jurisdiction upon this Court. This exact argument was rejected by Judge Blumenfeld in his reasoned opinion in *Apolinario*, 561 F.Supp. at 611–12. See also *Magid v. Marcal Paper Mills, Inc.*, 517 F.Supp. 1125, 1128 (D.Del.1981); *Bross Utilities Service Corp. v. Aboubshait*, 489 F.Supp. 1366, 1371 (D.Conn.), aff'd without opinion, 646 F.2d 599 (2 Cir.1980).

Second, plaintiff relies on that portion of 28 U.S.C. § 1391(c) which provides that a corporation "may be sued in any judicial district in which it ... is doing business." He submits, in effect, that this federal statute, in relevant part, confers *both* personal jurisdiction and venue over Corporation in Connecticut. This contention must be rejected. By its terms, 28 U.S.C. § 1391 is a venue statute, not a personal jurisdiction statute and, therefore, it cannot confer *in personam* jurisdiction over Corporation. *Arrowsmith v. United Press International*, 320 F.2d 219, 225 (2 Cir.1963) (28 U.S.C. § 1391(c) relates to venue and not to jurisdiction); *Driscoll v. New Orleans Steamboat Co.*, 633 F.2d 1158, 1159 n. 1 (5 Cir.1981) ("Venue is distinct from jurisdiction. Venue may be proper or improper, independent of questions of subject matter or personal jurisdiction").

Accordingly, neither the Connecticut long-arm statute nor the federal venue statute affords the plaintiff the jurisdic-

---

1. (b) Every foreign corporation which transacts business in this state in violation of section 33–395 or 33–396 shall be subject to suit in this state upon any cause of action arising out of such business.

tional base to warrant the exercise of personal jurisdiction over Corporation.[2]

## JURISDICTION OVER LIMITED

▊ The undisputed facts indicate that: Limited is a Swiss corporation with its principal place of business in Basel, Switzerland; it is not licensed to do business and is not doing business in the State of Connecticut; it did not employ the plaintiff and did not approve, control or authorize any of the actions challenged in this lawsuit; and, although it owns the capital stock of Corporation, it maintains a separate and distinct parent-subsidiary relationship.

Plaintiff grounds his causes of action against Limited on two theories. First, he claims that Corporation was acting "as the agent of" and "in concert with" Limited in the unlawful termination of his employment. Therefore, he argues, Corporation's acts of discrimination should be imputed to Limited for jurisdictional purposes. On the basis of the present record, however, the evidence at the hearings falls far short to support a finding that the two defendants should be regarded as a single employer, or that Limited so controls Corporation that, as a matter of law, Corporation should be deemed its agent. See, e.g., *Radio & Television Broadcast Technicians Local 1264 v. Broadcast Service of Mobile, Inc.*, 380 U.S. 255, 256, 85 S.Ct. 876, 877, 13 L.Ed.2d 789 (1965) (*per curiam*); *Mas Marques v. Digital Equipment Corp.*, 637 F.2d 24, 26–27 (1 Cir.1980); *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389, 392 (8 Cir.1977); *McPheron v. Penn Central Transportation Co.*, 390 F.Supp. 943, 954–56 (D.Conn. 1975). Moreover, because Corporation is not amenable to suit in Connecticut, *a fortiori* Limited is not subject to suit in this District.

Second, plaintiff contends that 28 U.S.C. § 1391(d), which states that "an alien may be sued in any district", provides the authority for this Court's exercise of personal jurisdiction over Limited. But, as stated hereinbefore, section 1391 is a venue statute and cannot be construed to grant *in personam* jurisdiction over an alien corporation. See, e.g., *Weinstein v. Norman M. Morris Corp.*, 432 F.Supp. 337, 339 (E.D. Mich.1977).

## TRANSFER

In the interests of justice, the plaintiff's action against Corporation is hereby transferred, under 28 U.S.C. § 1406, to the United States District Court for the Southern District of New York, the appropriate district where the lawsuit could have been brought. With respect to the plaintiff's case against Limited, the action is dismissed because, based on the present record, there has been an insufficient showing that the lawsuit could have been brought in the Southern District of New York.

SO ORDERED.

---

**2.** The plaintiff's reliance on § 33–411(c) also is misplaced. That subsection in pertinent part permits a suit to be brought in Connecticut whether or not the foreign corporation is transacting or has transacted business in this state "on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state...." Even assuming that the plaintiff had business contacts with the State of Connecticut during his six-year employment with Corporation, the plaintiff's causes of action, for the reasons stated hereinbefore, did not arise out of the performance of his contract of employment in this state.