Albert R. PITTS, individually and as father and next friend of Michael Pitts, a minor, Dorothy Pitts, Plaintiffs,

v.

CIBA–GEIGY CORPORATION, Ciba-Geigy Ltd., Ciba-Geigy (U.K.) Ltd. Aerolite SPE Corporation, Defendants.

Civ. A. No. 83–2890–Y.

United States District Court, D. Massachusetts.

Sept. 5, 1985.

Edmund M. Pitts, Pitts & Pitts, Boston, Mass., for plaintiffs.

Marjorie D. Robertson, Paul B. Galvani, Ropes & Gray, Boston, Mass., for CIBA–GEIGY Corp.

Norman A. Hubley, William A. Scofield, Jr., Boston, Mass., for CIBA–GEIGY Ltd.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

As originally framed when filed on September 4, 1983, the plaintiffs' action claimed negligence and breach of warranty on the part of CIBA–GEIGY Corporation, a New York corporation, arising out of the manufacture and distribution of urea-formaldehyde foam insulation in the plaintiffs' home. A local installer and the individual who installed the insulation were also named as defendants. Upon receipt of the complaint, counsel for CIBA–GEIGY Corporation discussed the case with plaintiffs' counsel, maintaining that CIBA–GEIGY Corporation was not in the business of manufacturing or distributing urea-formaldehyde foam insulation and that counsel might wish to explore whether his clients' cause of action ought rather be maintained against a related corporation, CIBA–GEIGY Ltd. (U.K.), ("Limited-U.K."), which apparently does manufacture such insulation. Counsel for CIBA–GEIGY Corporation also explained that both it and Limited-U.K. were wholly-owned corporate subsidiaries of CIBA–GEIGY Ltd. of Basel, Switzerland ("Limited-Switzerland"). Counsel for CIBA–GEIGY Corporation evidently hoped that, by voluntarily providing this information, the plaintiffs would drop their suit against his client. This was not to be.

Instead, the plaintiffs amended their complaint, dropping the individual defendant and the local installer but adding as defendants Limited-U.K. and Limited-Switzerland. In addition to claims for negligence and breach of warranty, the amended complaint sought damages for conspiracy, fraud, and loss of consortium as well. A further amendment added as a defendant Aerolite Spe Corporation of Kentucky ("Aerolite"), which, it is alleged, was at all material times the exclusive United States distributor of the offending insulation.

While the plaintiffs' claims against Limited-U.K. and Aerolite appear to be viable, at least as a matter of pleading, these two defendants appear not so viable. Limited-U.K. has defaulted and Aerolite has sought the protection of the bankruptcy laws.

The plaintiffs have thus mounted their major effort towards maintaining this action against Limited-Switzerland and CIBA–GEIGY Corporation. This effort has foundered due to the plaintiffs' unwillingness to provide meaningful discovery. Due to the obvious inadequacy of plaintiffs' response to the defendants' discovery requests, another judge of this Court ordered supplementary responses and, as a sanction, stayed the plaintiffs' discovery until adequate responses were made. The supplementary responses likewise fall far short of any adequate explanation of the basis of the plaintiffs' allegations against Limited-Switzerland and CIBA–GEIGY Corporation. Upon receipt of the inadequate supplemental responses to discovery, Limited-Switzerland and CIBA–GEIGY Corporation each moved that the action against it be dismissed as a sanction for failure to comply with the earlier order that discovery must be furnished. In the alternative, each moves for summary judgment and supports its motion with detailed

and comprehensive affidavits. Against this avalanche of paper, the plaintiffs can say only that certain unauthenticated documents which the plaintiffs admit are not in proper form to oppose a motion for summary judgment suggest that a genuine issue of material fact may exist concerning the relationship of the two defendant corporations and their activities. Beyond this, the plaintiffs ask for further discovery, claiming that opposing affidavits are unavailable in view of the earlier stay of discovery. *See* Fed.R.Civ.P. 56(f). While dismissal seems an overly harsh remedy for plaintiffs' shortcomings in furnishing discovery as to the details of their allegations, a review of the materials supporting these two defendants' motions for summary judgment leaves no doubt that, at least upon this record, summary judgment for Limited-Switzerland and CIBA–GEIGY Corporation is fully warranted.

The issue is thus starkly presented: are the allegations of the complaints plus an unauthenticated document together sufficient to withstand a well pleaded and supported motion for summary judgment where the plaintiffs offer utterly no support for their claim that the materials necessary to demonstrate the existence of a genuine issue of material fact lie within the exclusive control of the defendants and can be obtained only through discovery? In this case, upon this record, they are not.

### 1. *Limited-Switzerland*

■ Upon this record, there is neither constitutional nor statutory authority to exercise personal jurisdiction over Limited-Switzerland. This court has recently had occasion to analyze the contacts necessary for the exercise of personal jurisdiction over a non-resident defendant under the United States Constitution and the Massachusetts Long Arm Statute, Mass.Gen. Laws ch. 223A. *See Buckeye Associates, Ltd. v. Fila Sports, Inc.,* 616 F.Supp. 1484

(D.Mass.1985). It would add nothing to recite the absence of any such contacts as are relevant here. It suffices to conclude that Limited-Switzerland has no minimum contacts with this forum and has not conducted itself in such a way that it might reasonably be expected to respond to a law suit here. Although the plaintiffs claim that the individual corporate identities of Limited-Switzerland, Limited-U.K., and CIBA–GEIGY Corporation are a sham to frustrate the imposition of just liability, this court is presently faced with an uncontroverted affidavit which indicates (1) that the three corporations operate as separate and independent entities, (2) that the businesses of Limited-U.K. and CIBA–GEIGY Corporation are controlled and directed by their respective boards of directors and senior management, (3) that neither the president and chairman nor any member of the corporate management committee of CIBA–GEIGY Corporation is an employee of Limited-Switzerland, (4) that a majority of CIBA–GEIGY Corporation's board of directors is not employed by or otherwise affiliated with Limited-Switzerland, (5) that none of CIBA–GEIGY Corporation's officers is an employee of Limited-Switzerland, (6) that Limited-U.K. and CIBA–GEIGY Corporation maintain their own separate books and accounts, and, (7) that neither Limited-U.K. nor CIBA–GEIGY Corporation act as sales agent for Limited-Switzerland.

Would further discovery suggest that Limited-Switzerland might be subjected to the jurisdiction of this court through the intimacy of its relationship to CIBA–GEIGY Corporation? This seems highly unlikely in view of the fact that at least five courts have held that the relationship between Limited-Switzerland and CIBA–GEIGY Corporation was not such as would permit the assertion of jurisdiction over Limited-Switzerland due to the activities of CIBA–GEIGY Corporation in the United States. *Degginger v. CIBA–GEIGY, Ltd.,* No. 79–3116 (D.N.J. Jan. 29, 1980), *aff'd,* 639 F.2d 772 (3rd Cir.1980) (dismissing complaint for lack of personal jurisdiction over Limited-Switzerland and rejecting claim

that Limited-Switzerland was acting in New Jersey through CIBA–GEIGY Corporation). *Guthrie v. CIBA–GEIGY, Ltd.,* 620 F.Supp. 91 (D.Conn.1984) (dismissing employment discrimination suit against Limited-Switzerland and rejecting the plaintiff's claim that Limited-Switzerland was acting in Connecticut through CIBA–GEIGY Corporation). *Klein v. CIBA–GEIGY Mexicana,* No. 83–1017 GT, F.Supp. (S.D.Cal. June 11, 1984) (dismissing complaint against Limited-Switzerland and CIBA–GEIGY Mexicana for lack of personal jurisdiction and rejecting the plaintiff's claim that Limited-Switzerland was acting in California through CIBA–GEIGY Corporation). *Morgan v. Aerolite Foam Division of CIBA–GEIGY Corp.,* No. 83–0988 (Ohio Ct. of Common Pleas, May 16, 1984) (dismissing suit against Limited-Switzerland for lack of personal jurisdiction and rejecting the claim that Limited-Switzerland was acting in Ohio through CIBA–GEIGY Corporation, Limited-U.K., and Aerolite Spe Corporation). *New York Anhydrous Ammonia Development Corp. v. CIBA–GEIGY Corp.,* No. 2917–1977 (N.Y.Super.Ct. April 7, 1978) (dismissing complaint for lack of personal jurisdiction over Limited-Switzerland and rejecting the claim that Limited-Switzerland was acting in New York through CIBA–GEIGY Corporation). While this court has no way of determining precisely what evidence was before the courts rendering the decisions above, their uniformity is suggestive of the conclusion that, on this record, further discovery will avail nothing which will impugn the affidavit before this court. True, the plaintiffs contend that, even if the corporations are separate entities, they each conspired with the others to cause tortious injury in the Commonwealth of Massachusetts and are thus subject to the jurisdiction of this court. There is, however, no evidence of conspiracy here and "[w]here a plaintiff fails to produce any specific facts whatsoever to support a conspiracy allegation, a district court may, in its discretion, refuse to permit discovery and grant summary judgment." *Contemporary Mission, Inc.*

*v. United States Postal Service,* 648 F.2d 97, 107 (2d Cir.1981). *Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 254 (2nd Cir.1985). Such a course is proper here. Summary judgment will enter for the defendant, Limited-Switzerland.

### 2. *CIBA–GEIGY Corporation*

■ While CIBA–GEIGY Corporation is assuredly subject to the personal jurisdiction of this court, it appears, upon this record, that it has done nothing wrong. That is, it appears on this record that CIBA–GEIGY Corporation has never manufactured, sold, distributed, or installed any form of urea-formaldehyde foam insulation. Nor has it ever manufactured or sold any of the ingredients required in the manufacture of such insulation.

Again, the plaintiffs assert that if only they were afforded discovery, they could uncover facts which would demonstrate that there is a genuine issue of material fact concerning these conclusions. Again, this is doubtful. In at least seven other products liability actions involving urea-formeldehyde foam insulation, CIBA–GEIGY has been granted summary judgment. *Gray v. CIBA–GEIGY,* 554 F.Supp. 1223 (S.D.Ind.1983). *Smith v. CIBA–GEIGY Corp.,* Middlesex Civil Action No. 81–6208 (Mass.Super.Ct.). *Brewster v. CIBA–GEIGY Corp.,* Middlesex Civil Action No. 81–6002 (Mass.Super.Ct.). *Masciarelli v. CIBA–GEIGY Corp.,* Middlesex Civil Action No. 81–5743 (Mass.Super.Ct.). *James v. Spear & Associates, Inc.,* No. 84–27364–NZ (Mich.Cir.Ct. for the County of Washtenaw July 23, 1985). *Thom v. Inman,* Hancock County No. 44–389 (Ohio Ct. of Common Pleas March 13, 1985). *Connors v. Miller,* 7th Judicial District No. 29246 (D.C. Idaho August 4, 1983). Review of these decisions makes clear that all the arguments advanced by the plaintiffs here have been raised by litigants in one or more of the cases just cited and resolved in favor of

CIBA–GEIGY Corporation on generally accepted principles of tort law. It is necessary only to point out that, while it appears undisputed that CIBA–GEIGY Corporation purchased the stock of Aerolite Spe Corporation after the allegedly offending urea-formaldehyde foam insulation was installed in the plaintiff's home, it does not thereby become liable for the conduct of Aerolite. Absent fraud or abuse of the privilege of acting in a corporate form, the courts of Kentucky[1] have refused to pierce the corporate veil in cases involving the purchase of the stock of a going concern. *White v. Winchester Land Development Corp.*, 584 S.W.2d 56, 62 (Ky.Ct.App.1979). *See Poyner v. Lear Siegler, Inc.*, 542 F.2d 955, 958 (6th Cir.1976) *cert. denied*, 430 U.S. 969, 97 S.Ct. 1653, 52 L.Ed.2d 361 (1977) (applying Kentucky law); *Louisville Gas Co. v. Kaufman, Straus & Co.*, 105 Ky. 131, 48 S.W. 434, 449 (1898). Indeed, even if the corporate form were to be disregarded, CIBA–GEIGY Corporation would not be liable for the conduct of Aerolite during the period prior to its purchase of Aerolite's stock. *See* W. Fletcher, *Cyclopedia of the Law of Private Corporations* § 43 at 209 (rev. perm. ed. 1974). For these reasons, CIBA–GEIGY Corporation is entitled to have summary judgment enter in its favor.

### 3. *Aerolite Spe Corporation*

The automatic bankruptcy stay as to Aerolite having been lifted in order to enable it to defend this action to the extent of its available insurance, Aerolite moves to dismiss the claim against it upon the grounds of certain irregularities in the service of process and upon the ground that the "plaintiffs have not alleged facts showing personal jurisdiction over Aerolite." The motion to dismiss is denied, the irregularities in the service of process being minor in nature and having been subsequently corrected. The plaintiffs are under no obligation to allege facts demonstrating

that this court has personal jurisdiction over Aerolite. Rather, it is up to Aerolite to raise the jurisdictional question through a motion to dismiss or in its answer. Since Aerolite's motion to dismiss suggests the absence of personal jurisdiction yet only attacks—erroneously—the form of the plaintiffs' pleading, the interests of justice will here best be served if the denial of the motion to dismiss is expressly stated to be without prejudice to Aerolite's right to raise the matter of an alleged lack of personal jurisdiction as a defense in its answer. See Fed.R.Civ.P. 12(g) and (h)(1).

### 4. *Conclusion*

For the reasons stated above, the motions of Limited-Switzerland and CIBA–GEIGY Corporation for summary judgment are allowed and the motion of Aerolite to dismiss is denied. These actions are taken notwithstanding the plaintiffs' strenuous claim that the failure to continue the hearing on the motions for summary judgment while they pursue extensive discovery of defendants' intracorporate machinations would result in a miscarriage of justice since they cannot presently stand against the defendants' summary judgment motion. No miscarriage of justice has—or will—occur. Granting these motions quite properly brings the period of active defense by Limited-Switzerland and CIBA–GEIGY Corporation to an end, thus sparing them the expense and business disruption that all litigation entails. The litigation itself, however, will not come to an end. Fed.R. Civ.P. 54(b). Limited-U.K. is in default and Aerolite must now answer the plaintiffs' complaint. Thus the plaintiffs can maintain their action against Aerolite and can theoretically obtain full and complete relief for any injuries they may have sustained from the defaulting defendant, Limited-U.K. Once judgment against Limited-U.K. has entered pursuant to Fed.R.Civ.P. 55(b)(2) supplementary proceedings in aid of such a judgment may be had pursuant to Fed.R.Civ.P. 69(a) should it not be satisfied. Proper discovery to determine promptly, efficiently, and justly all these subsequent

---

1. The law of Kentucky applies because Aerolite is incorporated in Kentucky. *Realco Service, Inc. v. Holt*, 513 F.Supp. 435, 442 n. 8 (D.Pa. 1980), *aff'd* 671 F.2d 495 (3d Cir.1981).

proceedings will no doubt be a necessity. Should that discovery as to the conduct of those entities who are properly parties before this court reveal that this court has clearly erred in entering summary judgment at this juncture, the orders might, after proper notice and further hearing, be reversed and the actions against defendants prevailing today might be resuscitated. These comments are not intended as an invitation to the plaintiffs to seek reconsideration. Rather, they point out that the grant of summary judgment at this juncture appears most faithfully to accommodate the requirement of Fed.R.Civ.P. 1 that the Rules of Procedure "be construed to secure the just, speedy, and inexpensive determination of every action." To read Fed.R.Civ.P. 56(f) so broadly as to permit these plaintiffs, upon the unsubstantiated and insufficient showing thus far made, to engage in extensive discovery of defendants who are, at the very best, apparently so peripheral as to make any possible theory of successful liability extremely remote, seems wholly unwarranted. Accordingly, the motions of the defendants Limited-Switzerland and CIBA–GEIGY Corporation for summary judgment have been allowed on the present record without permitting the plaintiffs to embark upon further discovery.