ROLAND L. BELSOME, Judge.
This appeal arises from a suit brought by six classified City of New Orleans’ employees (“appellants”) contesting the creation and maintenance of alleged illegal unclassified positions within the Department of Housing and Neighborhood Development (“DHND”), a City agency. The appellants claimed that the creation of those positions severely impacted their promotional opportunities and career tracks. The suit also alleged that job duties were taken from classified employees and given to unclassified employees within the DHND and classified employees were transferred from DHND to the Department of Finance, a different Appointing Authority.
The appellants were program monitors who conducted audits of programs funded by federal funds to ensure that the objec *45 tives of the program were being carried out. In December 1996, the City reorganized its auditors by the creation of a unit entitled Monitoring and Prompt Payment System (“MOPPS”). As part of the reorganization, the City removed the majority of the job duties from the appellants and gave them to unclassified employees within the DHND.
The appellants appealed the restructuring of their positions to the Civil Service Commission (“Commission”). The commission denied all of appellants’ ^claims. The appellants appealed that decision to this court in Cotrell v. Division of Housing and Neighborhood Development, 2002-816 (La.App. 4 Cir. 10/16/02), 880 So.2d 1083. That appeal was dismissed for lack of subject matter jurisdiction. The appellants then filed their appeal in the Civil District Court Parish of Orleans, the proper court of review, on November 15, 2002. Judgment was rendered on July 28, 2004, affirming the findings of the Commission. This appeal followed.
The appellants assert several assignments of error relating to the Commission’s findings. However, DHND maintains that the appellants’ cause of action should have been dismissed because the petition for judicial review was filed beyond the time delays provided for by law.[1]
First we will address the issue of untimeliness/lack of subject matter jurisdiction raised by DHND. The Commission rendered its ruling in this matter on March 5, 2002, from which appellants appealed directly to this court. The City filed an exception of lack of subject matter jurisdiction and this court dismissed the appellants’ appeal by opinion issued on October 16, 2002. Id. The appellants then filed a petition for judicial review with the district court on November 15, 2002. Though the filing . of the appeal in the district court was-.within thirty days of this court’s dismissal, more than seven months had passed from the Commission’s decision.
In Cotrell, this court acknowledged that we did not have subject matter jurisdiction stating:
The appellants, cite [rjules and communications from the City Civil Service Commission instructing them to appeal to this Court in |3support of their contention. These Rules and communications do not have the power to confer appellate jurisdiction on this court.
Cotrell, p. 4. 830 So.2d at 1085.
Yet, the opinion discussed the issues of the appeal and gave the directive for the appellants to file their appeal in the district court. This court further stated that it would be “unconscionable” to allow the City to raise the issue of untimeliness. The appellants referred to the language from that opinion in their petition for judicial review to overcome the fact that the appeal was not filed timely. Paragraph eight of appellants’ petition to the district court read:
On October 16, 2002, the Fourth Circuit dismissed petitioners’ appeal on the grounds that it did not have jurisdiction. Elias Cotrell et al vs. Division of Neighborhood Development, Etc. [sic] Docket No. 2002-CA-0816. However, in its de-cisión the Fourth Circuit explicitly permitted the' filing of a petition for judicial review in this Court: ■
*46 As the appeal to this court was made pursuant to the [r]ules and directives of the Civil Service Commission, plaintiffs are now permitted to file in the district court. To allow the defendant to raise the issue of untimeliness would be unconscionable under the circumstances, p. 6, 830 So.2d at 1086.
However, once this court determined that it did not have appellate jurisdiction, it lacked the authority to make determinations- on any issue. Subsequent discussion of the issues including any directive regarding the filing of the petition for judicial review was without force or effect.
DHND has raised the issue of untimeliness in response to the appellants’ appeal. We must agree with DHND on this issue. The appellants h'ad thirty days from the mailing of the final decision of the agency or, if rehearing was requested, within thirty days after the decision thereon to file a petition for judicial review. LSA-R.S. 49:964(B). The filing for appeal of the agency’s decision in a court without competent jurisdiction did not interrupt the running of those time delays. See, Venterella v. Pace, 180 So.2d 240 (La. App. 4 Cir.1965). The filing of the petition for judicial review in the district court on November 15, 2002 was clearly beyond the deadlines provided for by law.
In conclusion, we find that the district court lacked jurisdiction to review the Commission’s decision because the filing of the petition for judicial review in that court was untimely. We therefore vacate the judgment of the district court and render judgment dismissing the petition for judicial review as untimely and reinstate the decision of the Civil Service Commission. In view of our disposition, the assignments of error asserted by the appellants in this appeal are moot.
JUDGMENT VACATED; JUDGMENT OF DISMISSAL RENDERED.